## KING v. THARP.

1. Voluntary conveyance: COLLUSIVE JUDGMENT. A voluntary conveyance will be upheld as against a judgment rendered against the grantor upon a fictitious claim, and obtained by collusion between the grantor and pretended judgment creditor, for the purpose of regaining the land.

2. Judicial sale: EN MASSE: INADEQUATE CONSIDERATION. A sheriff's sale of lands *en masse*, for less than one-sixth of their value, and pending litigation, was set aside.

*Appeal from Decatur District Court.*

MONDAY, DECEMBER 21.

FRAUDULENT CONVEYANCE, ETC. — Plaintiff brought an action at law to recover possession of the lands in controversy.

Defendant answered, denying plaintiff's title, and setting up title in himself, making his answer a cross-petition in equity, alleging that the plaintiff claimed title under certain judgments against his brother Shelton A. King, and that the judgments and the sheriff's sales and deeds thereunder were collusive, sham, fraudulent and void, and praying that they be annulled and set aside. The plaintiff took issue upon the material averments of the defendant's cross-petition, and alleged that the defendant's title was fraudulent, and praying that the deeds whereby the defendant obtained title, be declared void. Defendant claimed title by virtue of a deed from the said Shelton A.

King v. Tharp.

King to his wife, Sarah E. King, made prior to the rendition of the judgments under which the plaintiff claims, and by virtue of a subsequent deed from the said Sarah E. to him. Both of these deeds the plaintiff alleges to be fraudulent as to the creditors of the said Shelton A. King, of whom the plaintiff claims to be one.

At the time the action was commenced, the defendant was in possession by his tenant. Pending the action, the plaintiff managed to obtain the actual possession of the land.

A large amount of testimony was taken on both sides, and at the hearing the court entered a decree "dismissing the cross-bill of the defendant, without prejudice, and also denying the relief asked in the answer of the plaintiff to the cross-bill, and dismissing said answer without prejudice," and adjudged that the plaintiff recover his costs. Both parties excepted. The defendant alone appeals.

*J. W. Penny, Samuel Forrey* and *J. S. Polk* for the appellant.

*J. S. Warner* for the appellee.

DILLON, Ch. J.—The decree of the District Court dismissing the cross-petition of the defendant, and the answer of the plaintiff thereto, without prejudice, really decided nothing except that the defendant should pay the costs of the proceeding. Both parties had at much trouble and expense, and with great care, taken testimony as to the merits of the controversy. The cause was submitted on its merits in the court below, and has been argued on its merits in this court. It is our opinion that the District Court ought to have decided the controverted questions made, and not to have remitted the parties to renewed litigation. The plaintiff obtaining possession in the manner he did, *pen-*

1. VOLUNTARY CONVEYANCE: collusive judgment.

King v. Tharp.

*dente lite*, and without the knowledge or consent of the defendant, gave him no additional rights.

Both the plaintiff and defendant claimed title to the land in controversy under Shelton A. King, the former by sheriff's deeds, the latter by and under ordinary conveyances.

Before the plaintiff commenced his actions against his brother, Shelton A., the latter had conveyed the lands in question to his wife, Sarah E., and the latter had conveyed them to the defendant, Tharp, her father. The deed to the wife was recorded before the judgments of the plaintiff were rendered.

If this conveyance to the wife was *bona fide*, it is obvious that the defendant has the better title. The plaintiff assails it for fraud. On the other hand, the defendant attacks the plaintiff's title for the same reason.

It is not deemed necessary to go into a discussion of the testimony; but we content ourselves with stating the result to which a careful examination of it has brought us.

And first as to the question, whether the plaintiff was an existing creditor of his brother Shelton A., at the time he made the conveyance to his wife.

The plaintiff's claim divides itself into two branches.

His claim for $774.50, in his suit commenced in 1861, we are satisfied was wholly collusive and without foundation. The judgment was rendered by the consent and procurement of the said Shelton A., in order to seize upon and sell the lands which had been before conveyed to the wife. At about the time of the conveyance by Shelton A. to his wife, they were living together, but soon afterward separated, and the wife was murdered when on the way to confer with her counsel in relation to her difficulties with her husband. Her husband was indicted for her murder and acquitted; but at this time he and his brother, the plaintiff, were on good terms and had con-

spired together to obtain the lands by means of a collu-
sive judgment upon a fictitious claim. The evidence so
plainly shows that the entire demand of $774.50 was
sham, that it leaves in our minds no room for doubt.

The District Court should have decreed that the judg-
ment rendered on this claim and the sheriff's sales and
deeds made thereunder were, as to the defendant, fraudu-
lent and void, and thus have removed the cloud they cast
upon his title. As respects the pretended debt for which
this judgment was rendered, the conveyance to the wife
was undoubtedly valid; and her grantee, the defendant,
is entitled to have it so declared.

Assuming the facts to be as above found, it is plain
that the defendant's rights under his conveyance from the
wife, are superior to those of the plaintiff, acquired under
this judgment, and this court should have so decreed.

In 1862, in further prosecution of his design to acquire
title to the land in question, the plaintiff bought up at
about the same time and just before he brought his suit
thereon, six small notes against his brother, Shelton A.,
on two of which he was surety, and on most of which
payments had been made. Mrs. King had also intervened
in this action, claiming that it was collusive and prose-
cuted with a view to sell the lands which had been con-
veyed to her.

On her death occurring, her intervention petition in
this and in the other action of the plaintiff was withdrawn,
and the plaintiff obtained judgments.

Only two of these notes are of a date anterior to the
conveyance to the wife; but they all represent an actual
indebtedness, to the amount of about $225 in all.

We think it probable from the testimony, that much,
if not all of this indebtedness, existed before the convey-
ance to the wife.

And here the question arises, was the conveyance from

Shelton A. to his wife, fraudulent as to his creditors? The property conveyed was 400 acres of land, worth at least $2,000. The only debts which have been proved to exist, were those represented by these small notes, although there may have been some others.

We are not satisfied from the evidence, that the convey-ance to the wife was actually fraudulent as to the creditors of Shelton A., but as to the debts evidenced by the notes on which the plaintiff's action was brought, it is perhaps right to hold it to be constructively fraudulent, so as to entitle them to be paid, if necessary, out of the land. We will not, therefore, disturb the plaintiff's judgment, rendered thereon.

But 'the sheriff's sale and deed, made thereunder, the defendant is entitled to have set aside, as prayed in the amendment to his cross-petition. This sale 2. JUDICIAL SALE: *en masse:* was made *pending this suit* — the lands were inadequate consideration. sold in a lump — for less than one-sixth of their value. *Gardner* v. *Baker*, 25 Iowa, 343; *Hughes* v. *Feeter*, 23 id. 547.

The sheriff's sale being made pending this action, and under the circumstances stated, the defendant's rights are not concluded thereby, and the only equity the plaintiff has is, that the land shall be declared liable to pay his judgment, if other property of the debtor cannot be found. The sale being set aside, the plaintiff is at liberty to issue a new execution, which may be levied, if necessary, upon the land in question. The decree below is reversed, and the cause remanded to the District Court, with directions to enter a decree in conformity with this opinion.

Reversed.