# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

---

AMASA HOWE *et al. vs.* GEORGE F. WHITNEY *et als.*

Aroostook, 1876.—August 5, 1876.

*Equity.*

Before a judgment creditor can resort to a court of equity to aid in the collection of an execution, he must show that all legal remedies have been exhausted.

To entitle him to maintain a bill, he must show that judgment has been rendered, execution issued, and that an officer has returned thereon *nulla bona*.

Where judgment was obtained in 1870, but no execution shown to have been placed in the hands of an officer; and the execution was renewed eight months after the death of the judgment debtor, and placed in the hands of an officer, who returned it unsatisfied, it was *held* that the plaintiff had not so exhausted all legal remedies as to entitle him to maintain a bill.

BILL IN EQUITY against these defendants to enforce the collection of a judgment against one Jeremiah Whitney, recovered February 7, 1871, for $349 debt, and $17.26 costs, and still in force, alleging sale by him to the defendants of real estate in fraud of creditors; that he died in March, 1873, intestate and without any property, and that November 28, 1873, an alias execution was issued, and returned December 3, 1873, with a certificate of the officer that he had made diligent search for property belonging to Jeremiah Whitney and found none, and returned the exe-

cution wholly unsatisfied. The bill prayed for a decree of the sale of the property or sufficient to pay, or other proper relief. The evidence tended to prove the foregoing facts, and others stated in the opinion.

*A. W. Paine*, for the plaintiffs.

*J. Mulholland*, for the defendants.

APPLETON, C. J.   This is a bill in equity brought by the plaintiffs, creditors of Jeremiah Whitney, to enforce the collection of a judgment recovered against him by the sale of certain real estate conveyed by him to these respondents in fraud of his creditors.

At the February term, 1871, in Aroostook county, the plaintiffs recovered judgment against Jeremiah Whitney, and execution issued thereon for $349 debt, and $17.26 costs of suit. It does not appear, nor is it alleged, that this execution was ever placed in the hands of an officer.

In March, 1873, said Whitney died. On November 28th, 1873, an alias execution issued and was placed in the hands of an officer who made thereon the following return: "Aroostook, ss., December 3, 1873. I certify that I have made diligent search for property belonging to Jeremiah Whitney within named, to satisfy this execution and found none and return it wholly unsatisfied."

Courts of equity are not for the collection of debts, though resort may be had to them after all legal means have been exhausted. If the plaintiffs had brought their bill without instituting an action at law, it will not be pretended that they could maintain it, because it could not appear that legal means for enforcing the payment of the plaintiffs' claim might not have been efficacious.

Neither could a bill be maintained, if commenced during the pendency of a suit at law; for, until judgment, it could not be known that the plaintiffs would prevail. *Griffin* v. *Nitcher*, 57 Maine, 270.

But, judgment obtained, the plaintiffs in the suit at law must exhaust their legal remedies, before they can ask the aid of this court. The plaintiffs have offered no evidence to show that their execution was placed in an officer's hands for enforcement during the life of

the judgment debtor. "When an attempt is made by a process in equity to reach equitable interests, choses in action, or the avails of property fraudulently conveyed, the bill should state," observes Shepley, J., in *Webster* v. *Clark*, 25 Maine, 313, "that judgment has been obtained, and that execution has been issued, and that it has been returned by an officer without satisfaction." In *Webster* v. *Withey*, 25 Maine, 326, the same learned judge remarks : "His execution has not been placed in the hands of an officer who has made a return upon it that he could not obtain satisfaction. Such an allegation with proof was held to be necessary in the case of *Webster* v. *Clark*, decided at this term, to entitle a creditor to come into a court of equity for relief." This court affirmed these views in *Corey* v. *Greene*, 51 Maine, 114, and in *Griffin* v. *Nitcher*, 57 Maine, 270.

The judgment creditor could not enforce the execution against his deceased debtor. Nor can it be made to appear by the return of an officer eight months after the death of the judgment debtor that the execution could not have been collected of him while living, unless a return that no property of a deceased debtor could be found to satisfy an execution renewed eight months after his decease is to be deemed equivalent to a return of *nulla bona* in an execution against one in full life and vigor.

The plaintiffs, failing to show they have exhausted their legal remedy, cannot maintain this bill.

*Bill dismissed with costs for defendants.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.