## CLARK AND WIFE VS. ANTHONY AND WIFE.

1. FRAUDULENT CONVEYANCE:

   To entitle a creditor to set a conveyance by the debtor aside as fraudulent, he must show an unsatisfied judgment upon a cause of action that accrued prior to the conveyance, the issuance of process and inability to find property out of which to make the debt; and that the defendant, being possessed of property out of which it might have been satisfied, altogether, or in part, conveyed the same for the purpose of defrauding his creditors.

2. JUDGMENT: Conclusiveness.

   In a proceeding by a judgment creditor to set aside a fraudulent conveyance by the judgment debtor, the judgment is only prima facie evidence of the validity of the debt, as against the grantee in the alleged fraudulent conveyance; but the failure of the defendant to plead the statute of limitations, or matter in abatement, is a waiver of those defenses, and the grantee cannot avail himself of them.

APEAL from Lonoke Circuit Court in Chancery.

Hon. SAM. W. WILLIAMS, Special Judge.

Brown for appellant.

Clark & Williams, contra.

WALKER, J.:

Clark and wife filed a bill in equity against Anthony and wife, to set aside a deed executed by Anthony to his wife, upon the

ground that the deed was fraudulent, to declare a lien upon the lands so conveyed, to subject part of them to the payment of a judgment in their favor against Anthony, which, upon return of execution, remained unsatisfied for want of property out of which to make the debt.

It is alleged that plaintiff, Esther Clark, before her marriage with Clark, was married to Henry Gregg, that a child was born of the marriage; that Gregg made a will by which his estate of every description was bequeathed to plaintiff Esther, and her child, with a provision that if the child died, the whole estate should vest in her; that the child did die, and that she became, under the will, the sole owner of the estate.

That with other estate there was a note executed by Anthony to her deceased husband for the sum of $153, with ten per cent. interest, which was due and unpaid at the death of her husband, Gregg. That after the death of Gregg, she was married to plaintiff Clark, after which plaintiffs brought suit upon the note against Anthony, that he was personally served with notice, failed to defend, and that judgment was rendered against him for the sum of $153 debt, and $293 damages; that execution was issued upon the judgment, and placed in the hands of the constable to be executed, and that the constable returned the same unsatisfied; that a transcript of the judgment was filed in the office of the clerk of Lonoke county for the purpose of creating a lien upon the real estate of the defendant situate in that county, that the defendant owned land in said county, and that a lien was thereby created upon it. A certified copy of the will, the judgment and execution, with its return, are filed as exhibits.

Plaintiffs further allege that after the execution of the note, and his liability to pay had accrued, the said Phillip L. Anthony

for the purpose of hindering, delaying and defrauding his cred-
itors, and to prevent them from collecting their debts, did, on the
18th April, 1874, execute and deliver to his wife, Lew Ann
Anthony, (his co-defendant) a deed of conveyance by which he
pretended to convey to her his entire estate, consisting of lands
situate in Lonoke, Prairie, Pulaski, Jefferson and Desha counties,
leaving neither real or personal estate subject to execution, out
of which to satisfy their judgment; all of which was done to
defraud plaintiffs, and hinder and prevent the collection of their
debt, a copy of the deed is exhibited.

Anthony and wife are made defendants. The prayer of the
bill is, that the deed be set aside, a lien be declared upon the
the lands in Lonoke county, and that so much thereof as may be
necessary to pay the debt and costs be sold for that purpose.

The defendants appeared and filed a demurer to the bill upon
the grounds that the facts set forth are not sufficient, and that
the facts, as stated, show that plaintiffs have no cause of action;
the demurrer was sustained and leave given to amend by insert-
ing a description of the land in Lonoke county; the amendment
was made, and a general demurrer to the bill, as amended, was
overruled.

The defendants declined to answer further, and a decree was
rendered in favor of plaintiffs, declaring a lien upon the lands
and decreeing sale, from which defendants appealed.

The allegations being confessed by the demurrer, the only
question presented is the sufficiency of the bill to entitle the
plaintiffs to the relief decreed.

To entitle the plaintiffs to the relief prayed, it is necessary for
them to show that they have a valid unsatisfied judgment, upon
a cause of action which accrued before the conveyance of his
property, that they have issued process upon their judgment, and
have been unable to find property of the defendants, free from

incumbrance, out of which to make the debt; that the defendant was possessed of property out of which the debt might, in part or in whole, be satisfied, that he has conveyed the property, with the intent and for the purpose of defrauding his creditors. *Meux* v. *Anthony,* 11 Ark., 411; *Sale and Wife* v. *McLean et al.,* 29 Ark., 612.

The defendant does not controvert the correctness of these decisions, but contends that the judgment rendered, although *prima facie* sufficient to show an indebtedness, is not conclusive. This is true as regards the grantee in the deed of conveyance, a third party to the suit, but as between Phillip Anthony and plaintiffs, it is conclusive, and it is *prima facie* conclusive as to the defendant Lew Ann Anthony, unless, by answer, she controverts and shows it to be invalid. *Miller* v. *Miller,* 23 Maine, 22; 17 N. H., 549.

In 41 Me. N. H. 103, it was held that, as between the parties, the judgment is conclusive of indebtedness, but as between third persons it is not, and that the grantee in the conveyance alleged to be fraudulent, may show that in fact, there is no valid judgment. To the same effect is *King* v. *Sharp,* 26 Iowa, 283; *Carter* v. *Bennett,* 4 Florida, 283, and *Warner & Co.* v. *Dorr and Wife,* 576.

But in each of these cases the question was presented by answer denying the validity of the judgment, and not upon demurrer.

It is urged by defendants' counsel that it affirmatively appears upon the face of the pleadings that the debt in this instance was barred by statute of limitation, and that the suit on the note should have been brought in the name of the administrator, not of the legatee. Admit this to be true, and still neither of these grounds reach the validity of the judgment; the first was matter in bar, the latter of abatement, defenses which the defendant

Phillip Anthony might have interposed, but if waived by him at the trial, neither he nor any one else has a right to object.

If the plaintiffs show a cause of action within the jurisdiction of the justice, and jurisdiction of the person by service of process, he had power to render a valid judgment, which, when rendered, is conclusive between the parties to that suit, and fixed a liability upon the defendant to pay.

It is true that the grantee in the conveyance can contest the validity of the debt, or show that the plaintiffs have not put themselves in position to have satisfaction out of the property conveyed, but this they must do by showing that the *prima facie* case in point of fact, is not true.

This the defendants have wholly failed to do.

The case made by the bill brings the case directly within the rule laid down in *Meux* v. *Anthony*, and approved in the late case of *Sale and Wife* v. *McLean*, above cited.

The court found the allegations to be true, and rendered a decree giving day for defendants to pay the judgment, interest and costs, and, on default thereof, that the lands in Lonoke County, or so much of them as should be found necessary for that purpose, be sold to pay the same. In this there is no error.

Finding no error in the judgment and decree of the court, the same is affirmed.