COMPTON v. W. J. PATTERSON.

Action to subject a tract of land held by a wife, but alleged to have been paid for by her husband, to the payment of his debts cannot be maintained until after return of *nulla bona* to an execution, no actual fraud upon creditors having been intended.

Before NORTON, J., Laurens, September, 1887.

The opinion states the case.

*Messrs. Ferguson & Featherstone,* for appellant.

*Messrs. Ball & Watts,* contra.

March 1, 1888.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The plaintiff, a judgment creditor of the defendant, William J. Patterson, brings this action for the purpose of subjecting a certain tract of land conveyed to the defendant, Rebecca Patterson, by one Robert H. Fleming, to the payment of his debt, upon the ground that the purchase money for said land was, in fact, paid by the judgment debtor, William J. Patterson, and the conveyance taken to his wife for the purpose of hindering and delaying his creditors.

The master, to whom the issues in the action were referred, found the facts to be substantially as follows: That some time in 1877 or 1878 the defendant, William J. Patterson, bargained with one Robert H. Fleming for the purchase of the land in question "for his wife and children" at the price of twelve bales of cotton, to be paid in three or four years; that the three minor

sons of said defendant were present when the agreement was made, and were told that they might have the land if they would go to work and make the cotton necessary to pay for it, to which they assented, whereupon said Fleming gave his bond to make titles to defendant, Rebecca, and her heirs upon payment of the purchase money; that the Pattersons went into possession of the land and cultivated it, and having made and delivered to said Fleming the twelve bales of cotton agreed upon as the purchase price of the land, the said Fleming executed his deed on November 28, 1881, to said Rebecca and her heirs for the land, which deed was duly recorded on the same day; and that the cotton so delivered to Fleming was produced almost entirely by the labor of the sons of said William J. Patterson during their minority, he being feeble and unable to render much assistance.

Upon these facts the master found as matter of law that while it was true that the general rule is that a father is entitled to the services of his minor children, at least so long as he supports them, yet he may waive such right, as he did do in this case, and the creditor of the father has no right to object, and that in this case there being no evidence of any intention to defraud any one by the contract for the purchase of the land, and the minor sons having been induced to make the cotton used in paying for the land, which the father was unable to do, by the promise that they should have the benefit of it, there was nothing in the transaction obnoxious to good morals or honest dealing, and therefore the master recommended that the complaint be dismissed with costs. Upon this report and the exceptions thereto the case was heard by Judge Norton, who, without considering the ground upon which the master based his conclusion, rendered judgment dismissing the complaint, "on the ground that there is no proof or allegation of *nulla bona* return by sheriff" on the execution on the judgment of the plaintiff against the defendant, William J. Patterson. From this judgment plaintiff appeals upon the ground that the Circuit Judge erred in dismissing the complaint upon the ground stated.

Inasmuch as it is conceded that "there is no proof of a return of *nulla bona*," indeed, so far as we can discover, there was no evidence that any execution was ever issued on the plaintiff's

judgment, certainly no evidence that there ever was any attempt to enforce such execution—we need only consider whether such evidence was necessary to enable the plaintiff to maintain this action. This question has been so conclusively settled in favor of the ruling of the Circuit Judge that it is not necessary to do more than refer to some of the cases. *Verner* v. *Downs*, 13 *S. C.*, 449 ; *Suber* v. *Chandler*, 18 *S. C.*, 526, and the very recent case of *The National Bank of Newberry* v. *Kinard*, *ante*, p. 101, in which the Chief Justice conclusively shows that the cases of *Bird* v. *Calvert*, 22 *S. C.*, 292, and *Austin, Nichols & Co.* v. *Morris*, 23 *Id.*, 393, relied on by the counsel for appellant, are not in conflict with the cases above cited. The case of *Burch* v. *Brantley*, 20 *S. C.*, 503, also relied on by plaintiff, while it may be regarded as holding that it is not necessary that the complaint should *allege* a return of *nulla bona*, yet distinctly recognizes the cases above cited showing that proof of that fact is necessary in a case like this.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.