LOUIS M. BROCK AND MAGNUS WEINER v. BERNARD RICH ET AL.

*Fraudulent conveyances—Execution—Equity—Remedy at law.*

Where the personal property of a judgment debtor, liable to execution, is amply sufficient to satisfy the judgment and all costs, and the creditor's remedy by a resort thereto is neither uncertain nor insufficient nor doubtful, there is nothing to justify a resort to the debtor's real estate, even though fraudulently conveyed.

So *held,* where a judgment debtor caused his real estate to be conveyed to his wife, and also conveyed to her his personal property (a stock of goods), *all* in fraud of his creditors, and at, time of a levy on the real estate she was in possession of the goods, and carrying on the business her husband had been engaged in on the premises thus conveyed in her name by her husband as manager, and no reason being apparent why said stock of goods should not have been levied upon to satisfy the judgment; the alleged fraud in the sale being disposable in an action at law, and there being no occasion for a resort to a bill in equity, which was dismissed on general demurrer.

Appeal from Iosco.  (Simpson, J.)  Argued June 27, 1889. Decided October 18, 1889.

Bill in aid of execution.  Defendants appeal from decree overruling demurrer.  Decree reversed and bill dismissed. The facts are stated in the opinion.

*Henry & Cornville,* for complainants.

*O. E. M'Cutcheon* (*Dickinson, Thurber & Stevenson,* of counsel), for defendants.

SHERWOOD, C. J.   This is an appeal from a decree of the circuit court for the county of Iosco, in chancery, overruling a demurrer.

Complainants obtained a judgment against defendant Bernard Rich, on the twenty-third day of October, 1885, in said circuit court, and on the fifth of March, 1886, an execution was issued, and placed in the hands of the sheriff, returnable on the twenty-fifth day of May thereafter.

On the ninth of March the sheriff made a levy upon certain lands described in the bill of complaint, lying in the village of Au Sable, and purchased by said Rich of Donald A. McDonald under a contract, dated the thirtieth day of August, 1882, and filed notice of said levy with the register of deeds in said county.

On March 20, 1886, complainants filed their bill in this case, and to which the defendants filed a general demurrer. The case was heard before Judge Simpson, on the twentieth day of March, 1888, who overruled the demurrer, and granted the defendants 20 days within which to make their answer.   All the defendants appeal.

The bill is very long.   After alleging the rendition of the judgment for $370.56, and the purchase by Mr. Rich of the Au Sable property, the taking possession of the same, and the use of the same by Bernard Rich as a store and dwelling by himself and tenants, and the payment by him of $3,000 upon the contract, and that the property is now worth $4,500, and the issuing of the execution upon the judgment, it then avers that after the debt accrued, and on the sixteenth of November, 1885, Mr. Rich made an assignment of his contract for the purchase of the Au Sable property to his wife, Sarah Rich, the defendant, for the consideration named as

$3,000; and it further alleges that said assignment was not real, but a sham, and that his wife holds the property thereunder in trust for her husband, Bernard; that Mrs. Rich was irresponsible, and possessed of little or no property other than what was fraudulently conveyed to her by her husband.

The bill further avers that on the seventeenth of December, 1884, Bernard Rich made a chattel mortgage to defendant Seligman Schloss on his (Rich's) stock in trade, in trust for certain named creditors of Rich, to secure the sum stated in the mortgage of $3,781.18, which said mortgage was kept renewed from year to year, as provided by statute.

And it is further averred that on February 27, 1886, the defendants Schloss Bros. & Co. made a bill of sale of the same stock of goods for the stated consideration of $4,904,70, to Mrs. Rich, and the same was filed March 10, 1886, and Sarah Rich, on the ninth day of March, 1886, made a chattel mortgage on the same stock of goods to Schloss Bros. & Co., purporting to secure $2,000, and said mortgage was filed March 10, 1886.

It further avers that Bernard Rich, on the ninth day of March, 1886, paid the balance due on the contract for the Au Sable property, and received a deed from McDonald therefor, running to Mrs. Rich, and which was recorded March 10, 1886; that on the ninth day of March Mrs. Rich mortgaged said real estate to Schloss Bros. & Co. for the sum stated in mortgage of $3,000, which mortgage was also recorded March 10; that on the day this mortgage was made the sheriff levied his execution upon the same real estate, or rather Bernard Rich's interest in the same, to satisfy said judgment.

Complainants aver that said chattel mortgage, renewals, bill of sale, and real estate mortgage were not real, but shams, and made to defraud complainants and other creditors of Bernard Rich, who has no property, real or personal, liable to levy and sale, except the premises and property mentioned;

that the sheriff has demanded payment of the judgment, which has been refused; that the premises are now occupied by Sarah, who is conducting the mercantile business in her name by "Bernard Rich, Manager;" that a portion of the premises is now occupied by tenants, and a portion by Mr. Rich and wife.

The prayer of the bill is that the assignment of the land contract from Rich to his wife, the deed from McDonald to Sarah Rich, and the mortgage upon the real estate given by Mrs. Rich to the Schloss Brothers, be held void as to complainants, and that complainants be authorized to sell the real estate levied upon, or so much thereof as may be necessary to satisfy the judgment.

The foregoing are the principal facts stated in the bill, and sufficient at least to give a correct understanding of the disposition which must be made of the case.

The store in which the stock of goods was kept, and in which Bernard Rich and his wife carried on their mercantile business, was located upon the real estate levied upon. It was their home, where they had all the time lived; and, if the statements in the bill are true, both it and the stock of goods all the time belonged to Mr. Rich, and no reason is apparent why the stock of goods was not and should not have been levied upon to satisfy the complainants' judgment. The alleged fraud in the sale could have been disposed of in an action at law, and there would have been no occasion for resort to a suit in equity. Indeed it was the complainants' duty to make their claim out of the personal property of Bernard Rich before levying upon his real estate.

In this case the facts stated in the bill must be taken as true, as though they had been the findings of the court, and are no longer subject to contest. By these it appears beyond question that the personal property belonged to Bernard Rich, the defendant in the execution; that it was abundantly sufficient in amount to satisfy the judgment and all costs;

that the complainants' remedy by a resort to the personal property was neither uncertain nor insufficient nor doubtful, and, when such is the case, there is nothing which would justify a resort to the real estate, even though fraudulently conveyed.

No creditors' bill was necessary to enable the complainants to make their debt, under the facts stated; and, if it was, this bill could not be sustained as such. The execution had never been returned unsatisfied. A simple demand of payment is not sufficient when there is property to be levied upon, and a levy has been actually made.

No view that we have been able to take of this case has presented to us any ground upon which we have felt at liberty to sustain the decree made by the learned circuit judge. The authorities cited by counsel for complainants are not applicable to the facts contained in complainants' bill.

The decree must be reversed, and the bill dismissed, with costs of both courts to the defendants.

The other Justices concurred.