THOMAS HARVEY, Appellant, *v.* GILES S. BRISBIN et al., Respondents.

Plaintiff's complaint alleged in substance these facts: B. died leaving a will by which she directed her executors to sell her real estate when it seemed to them best, and hold the proceeds in trust to pay over the income to her daughters M. and F. during their lives, and upon the death of either, the principal of her share to go to her children. M. died leaving three children. At that time the power of sale had not been executed. Her children executed a conveyance to G., their father, for life, of " so much of the interest and income mentioned and provided for" in said will "as would come and accrue to said children under and by virtue of the provisions contained in said will." The interest of G. in said land was subsequently sold on execution against him. Thereafter the remaining executor, one of them having been removed, sold and conveyed the land and received the proceeds. The purchaser at the execution sale conveyed to plaintiff all his interest in the real estate, the income and the proceeds of the sale thereof. The plaintiff asked equitable relief. *Held,* that the complaint failed to state a cause of action; that said conveyance to G. did not purport to convey any interest in the land, but at most only an interest in the trust fund after the land had been converted into money, and if G. took an interest under it, it was simply a possible equity in the trust fund, and so he

had no legal title to which the lien of the judgment against him could attach, and the execution sale passed nothing to the purchaser; that the complaint was insufficient to reach any such equitable interest, as equitable assets only can be reached after the remedy by law is exhausted, the evidence of which is the return of an execution unsatisfied, and the complaint contained no such allegation; also, that plaintiff could not assert an interest in G. as tenant by the curtesy in his wife's land; that if, as to the land in question, she was seized at all, she took only a nominal fee which was subject to be and was defeated by the execution of the power of sale; also, that the right of a tenant by the curtesy is a legal right to be enforced against the claimant in possession, and so could not be enforced in this action as the purchaser under the sale by the executors was not a party.

Reported below, 50 Hun, 376.

(Argued June 11, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 7, 1888, which affirmed a judgment in favor of the defendants entered upon an order of Special Term overruling a demurrer by plaintiff to the answer directing judgment in favor of defendants and dismissing the complaint.

The nature of the action, and the facts, so far as material, are stated in the opinion.

*E. F. Bullard* for appellant.  An equitable conversion is not an actual conversion.  Until the latter had taken place the title was in Mrs. Brisbin and her children until 1876, when they conveyed to their father Giles, and it was subject thereafter to the lien of the judgments against him, and, hence, liable to be sold on execution as real estate.  Mrs. Brisbin was dead in September, 1876, when the first suit was brought, and about July 24, 1876, after her death, her children became the owners of the legal estate in fee, subject only to be defeated by a sale by the executor under the power, and they then conveyed a life estate to their father, Giles S. Brisbin.  (*Despard* v. *Churchill*, 53 N. Y. 199 ; Code Civ. Pro. §§ 1257, 3343 ; *Moncrief* v. *Ross*, 50 N. Y. 431.)  As the

executor took no title under the will, nor the heir, the legal title and right of possession was necessarily vested in Mrs. Brisbin until her death, subject only to the power of sale. ( *Wilson* v. *White,* 109 N. Y. 59.)

*L. C. Pike* and *C. A. Waldron* for respondents.   If the complaint is demurrable, then it is unimportant whether or no the allegations of the answer are demurrable, for plaintiff would not be entitled to judgment even without an answer.   He who commits the first error may not complain of like error.   ( *People* v. *Booth,* 32 N. Y. 397 ; *Noxon* v. *Bentley,* 7 How. Pr. 346 ; *Stoddard* v. *Onondaga Conference,* 12 Barb. 573 ; *A. & O. C. Co.* v. *Leitch,* 4 Den. 65.)   Plaintiff's complaint does not set forth a cause of action against [defendants.   ( *White* v. *Howard,* 46 N. Y. 144, 162 ; *Bogert* v. *Hertell,* 4 Hill, 492 ; *Stagg* v. *Jackson,* 1 N. Y. 206 ; *Moncrief* v. *Ross,* 50 id. 431 ; *Foster* v. *Banta,* 66 id. 468, 476 ; *Morse* v. *Morse,* 85 id. 53, 59 ; *Delafield* v. *Barlow,* 107 id. 535 ; *Ranson* v. *Miner,* 3 Sandf. 692.)   The notice of appeal — treating it as an appeal from General Term — being only from the final judgment, and no reference being made to the interlocutory judgment or intermediate order theretofore entered, neither the order nor the case can be reviewed on this appeal ; the interlocutory judgment or intermediate order as to all points covered thereby is to be taken as the settled law of the case, and is not open for review on the appeal.   (Code Civ. Pro. §§ 1301, 1316 ; *Patterson* v. *McCunn,* 38 Hun, 531 ; *Dick* v. *Livingston,* 41 id. 455 ; *Reese* v. *Smith,* 95 N. Y. 645.)   This court has not jurisdiction to hear this appeal, in the absence of certificate of General Term, because the judgment was interlocutory. (Code Civ. Pro. § 190, subd. 4 ; §§ 192, 1301, 1316.)   This appeal cannot be taken because the amount involved is less than $500 ; the General Term has made no order allowing the appeal, and the action is for income, and does not affect title to real property or an interest in lands.   (Code Civ. Pro. § 191, subd. 3.)

FINCH, J.    The complaint in this case in form demands equitable relief, but in fact is a disguised ejectment, seeking a recovery of land and the mesne rents and profits thereof.    A demurrer was interposed to portions of the answer and has been defended, thus far successfully, by an attack upon the complaint as stating no cause of action.    Its allegations furnish the facts with which we are to deal.

Mrs. Bailey died in 1871 leaving a last will and testament, in and by which she directed her executors to sell and convey her real estate at such time or times as seemed to them best and hold the proceeds in trust to pay over the annual income therefrom to her daughters, Matilda Brisbin and Fannie B. Haight, during their natural lives, and, upon the death of each, the principal of her share to go to her then living children.    While there was no direct devise of the legal estate in the land to the executors, such an estate in them was essential to the trust, at least for the lives of the two daughters, and to enable the trustees to convert the land into money with which to constitute the trust fund, unless we adopt the only other possible construction, which is that the legal estate descended to the daughters subject to a trust power, the execution of which would divest that legal estate wholly and entirely and vest it in the purchaser buying under the power of sale.    Giles Brisbin was the husband of the daughter Matilda.    She died in 1876, leaving three children, but while the power of sale remained unexecuted.    Soon after her death those children undertook to convey to their father, according to the statement in the complaint, "so much of the interest and income mentioned and provided for in the will of said Catherine S. Bailey as would otherwise come and accrue to said children of said Matilda under and by virtue of the provisions contained in said will for and during the period of the natural life of said Giles."    The deed which made this transfer is not contained in the record, nor is the will, except as a copy of its tenth clause is recited in the General Term opinion.    Whether we recur to that copy or tie ourselves to the allegations of the complaint, it is equally certain that

no interest or income of the trust fund was ever given to the children, at any time, either before or after their mother's death, but, on the contrary, that interest and income was given to the mother during her life, and on her death the principal of her moiety of the trust fund went to the children. Their deed did not purport to convey, and did not convey, to Giles. any interest in the land, but only at the most, an interest in the trust fund after the land had become converted into money. The interest of Giles, if he took any at all under the instrument of transfer, was a possible equity in the trust fund and not a legal estate in the land. Upon a judgment against him obtained in 1879, his then interest in the land was sold on execution. But he had no legal estate upon which the lien of the judgment could attach on any theory of the will. If the fee went to the executors for the purposes of the trust, it never vested in Matilda or her children at all and could not pass from the latter to Giles. If it descended first to Matilda and then to her children, it was subject to and liable to be defeated by the execution of the power of sale, assuming that to have survived, which has been executed, and the entire legal estate been tranferred to the purchaser. In either event the execution sale passed nothing to the purchasing creditor. If Giles took anything from his children it was at the best but an equity in the resultant trust fund. But the complaint alleges no such equity and is not sufficient to enable the creditor to pursue it. Equitable assets can only be reached after the remedy at law has been exhausted, the evidence of which is the return of an execution unsatisfied. There is no such allegation. It is not easy to comprehend what the pleader intended this complaint to be, but treating it with the utmost liberality it does not disclose a cause of action. It was suggested in the appellant's brief, though scarcely argued at the bar, that Giles was tenant by the curtesy of his wife's land. But on one theory of the will she was not seized at all, and on the other she took only the nominal fee subject with all its. incidents to be defeated by the power of sale which has been executed with that effect. And, besides, as the General Term

suggest, the purchaser under that sale is not a party here and the right of the tenant by the curtesy is a legal right to be enforced against the claimant in possession.

What I have said is equally true if the trust as to Matilda's half ended at her death or the trust power as to that moiety became incapable of execution after that date, as the General Term opinion seems to indicate. That is one of the possible constructions. But in that event the legal estate in a moiety of the land devolved upon the children. They never conveyed that to Giles nor any part of it. They transferred only an interest in a supposed trust fund which never was constituted and never came into existence.

I have not sought to construe a will not put before us and do not determine what theory of it is correct. But, assuming all possible and suggested modes of interpretation, it is enough that none of them give the plaintiff a right which upon his complaint it is possible to enforce.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.