FIRST NATIONAL BANK OF SHREVEPORT *vs.* CHARLES J. RANDALL *et al.*

PROVIDENCE—DECEMBER 16, 1897.

PRESENT: Matteson, C. J., Stiness, and Tillinghast, JJ.

Creditors' bills to set aside fraudulent conveyances, and bills to reach equitable assets, rest upon distinct grounds of jurisdiction: the former invoke the aid of the court for relief from fraud, and the latter for the appropriation of assets which cannot be reached by law, But both are proceedings in equity, and subject to the same general rules.

The office of equity is to supplement, not to supplant, the law; and when the remedy at law is adequate equity need not interfere.

A bill to reach equitable assets cannot stand until the legal remedies have been exhausted, and the complainant's right as a creditor has been established in the jurisdiction where the equitable remedy is sought.

A judgment recovered in another State is not conclusive of the existence of a present debt, because of the defences to which it may be subject.

Allegations that a conveyance was without consideration and for the purpose of hindering and defrauding creditors are not conclusive even on demurrer, as such conveyance is not void if the debtor have other property from which complainant can satisfy his claim.

The best and conclusive evidence that debtor has no other property is the return of an execution unsatisfied.

But after attachment of property so conveyed, and recovery of judgment upon which execution is to issue, the court has auxiliary jurisdiction to set aside the conveyance as a cloud upon the title.

When a grantee in a voluntary conveyance of this character is a party to the bill, it is not a necessary allegation that he actually participated in or was privy to the grantor's fraudulent purpose. *McKenna* v. *Crowley*, 16 R. I. 364, affirmed.

BILL IN EQUITY by a foreign judgment creditor to set aside an alleged fraudulent conveyance of realty in this State. Heard on demurrer to the bill.

STINESS, J.    The complainant, having obtained a judgment in Louisiana against Charles J. Randall, brings this bill, as a creditor, to set aside a conveyance of realty in this State made by said Randall, which is alleged to be a fraudulent conveyance.

The bill is demurred to upon the grounds: (1) That there is no allegation that the complainant has judgment in this State ; (2) that there is no allegation that execution has been issued and remedy at law exhausted ; (3) that there is no allegation that at the time of the conveyance said Randall had no other estate subject to execution ; (4) that it is not alleged that the other respondents had knowledge of the judgment or had a fraudulent intent.

The allegations of the bill, applicable to these objections, are that the judgment has not been satisfied ; that the conveyance was without consideration and for the purpose of preventing the complainant from pursuing said property for the purpose of collecting its claim ; that Charles J. Randall is not a resident of this State and is not to be found herein, and that he has no property in this State which it can attach and thereby secure service of process, and that the complainant has exhausted all the remedies at law, within its power, against said Randall.

Creditors' bills to set aside fraudulent conveyances, and bills to reach equitable assets, are frequently treated as though they were the same thing.    In some respects they are alike, but the grounds of jurisdiction upon which they rest are quite distinct : the former invoking the aid of the court for relief from fraud, and the latter for the appropriation of assets which cannot be reached at law.    Both are proceedings in equity, and so are subject to the same general rules.

The office of equity is to supplement and not to supplant the law. Hence, when the remedy at law is adequate, equity does not need to interpose.

The rule, therefore, that a bill to reach equitable assets cannot stand until legal remedies have been exhausted, and the complainant's right as a creditor has been established in the jurisdiction where the equitable remedy is sought, is applied to both proceedings because it is based upon the principles that the aid of equity should not be invoked when there is an adequate remedy at law, and that the court of law is the proper forum to establish a right of recovery. Of course there must be exceptions in cases where the requirements of the rule cannot be complied with, and one is to be found in *Merchants Bank* v. *Paine,* 13 R. I. 592. That was the case of a foreign and absconding debtor, who had real and personal estate here which had been given to trustees for the benefit of himself and others by the will of his father. The complainant claims that the decision supports this case. But the radical difference between the two cases is that in the former the assets were purely equitable, and hence no service of process could be made either upon the debtor himself or by attachment of his property in an action at law. In a case like the present one, where it is alleged that the transfer of property was fraudulent and void as to a creditor, it is held that, as to such creditor, the debtor retains his interest in the property, notwithstanding the conveyance, and it can, therefore, be attached in an action at law. *McKenna* v. *Crowley,* 16 R. I. 364.

The fact that the complainant has a judgment against the debtor in another State is not conclusive of the existence of a present debt, because there may be defences such as payment, lack of proper service, set-off, and the like. Nor are the allegations conclusive that the conveyance was without consideration and for the purpose of hindering and defrauding creditors, even on demurrer ; because such a conveyance is not void if the debtor has other property sufficient to satisfy his debts, and from which the complaining creditor can get his pay ; and we regard the rule as settled in this State that

the best and conclusive evidence that the debtor has no other property is the return of an execution unsatisfied. *Merchants Bank* v. *Paine, supra; Ginn* v. *Brown,* 14 R. I. 524; *Stone* v. *Westcott,* 18 R. I. 517. While, therefore, the legal remedy is open, and neither the debt nor the fraud in conveyance is conclusively established, the grounds for jurisdiction in equity do not appear.

The strict application of the rule above stated has been so far relaxed in *McKenna* v. *Crowley* as to hold that after a creditor has secured a lien by attachment upon property fraudulently conveyed, and has recovered a judgment against the grantor, upon which execution is to issue, the court in equity has the independent and auxiliary jurisdiction to set aside the conveyance in order to clear away a cloud upon the title, so that the interest of the debtor may be sold to better advantage for both his and his creditor's benefit. The jurisdiction is quite distinct from that of a creditor's bill to reach equitable assets, and hence the court remarked that "it is the levy of the execution giving a lien, and not its return unsatisfied, which is the prerequisite to it."

The line of decisions in this State which is thus outlined is consistent, and is in harmony with decisions elsewhere and with well established principles, as shown by citations in previous opinions, so that it is not necessary to review authorities again in this case. From these decisions it appears that the complainant is not yet in a position to invoke the aid of a court of equity, and this disposes of the first three grounds of demurrer to the bill.

As to the fourth ground of demurrer, that it is not alleged that the other respondents had knowledge of the judgment or had a fraudulent intent, it is disposed of by *McKenna* v. *Crowley,* where the court said: "It was not necessary that the grantee, the conveyance being voluntary, should actually participate with the grantor in his purpose, or be privy to it."

Demurrer to the bill sustained.

*Stephen O. Edwards, Walter F. Angell and Seeber Edwards,* for complainant.

*Harrison A. McKinney,* for respondents.