SHULER, Respondent, v. HALVOR et al., Appellants.

(162 N. W. 389.)

(File No. 3864.    Opinion filed April 30, 1917.)

1. **Fraudulent Conveyances—Suit to Set Aside—Judgment Creditor, Execution Return Nulla Bona, as Condition to Relief—Debtor's Insolvency, Materiality—Statute.**

Under Code Civ. Proc., Sec. 334, requiring sheriff to satisfy an execution first out of debtors' personalty, and, next, out of his realty; and Sec. 337, requiring the officer to endorse on execution that no personalty can be found, before levy is made on realty, held, that personal property is thereby made the primary fund for satisfaction of an execution, and before a judgment creditor is entitled to aid of equity to set aside a fraudulent conveyance of realty by debtor, he must issue an execution on the judgment and exhaust personalty of debtor; and this, although a stay of execution has been granted on his judgment.

2. **Executions—Levy on Realty—Non-necessity of Alias Execution For Realty Levy—Nulla Bona Personalty Endorsement as Equivalent—Fraudulent Conveyance, as Related to.**

Secs. 334, 337, Code Civ. Proc., relating to levy of execution upon personalty and upon realty, and to endorsement that no personalty is found, etc., do not require return of execution and issuance of an alias execution for levy upon realty, such statutory endorsement being equivalent thereto. So held, in a suit to set aside an alleged fraudulent conveyance by the judgment debtor; and even if such transfer were set aside as fraudulent, relief by sale of the realty can not be had if there were personalty subject to levy.

Whiting and McCoy, JJ., dissenting.

Appeal from Circuit Court, Roberts County.    Hon. Thomas L. Bouck, Judge.

Action by Johanna Shuler, against Flora Halvor and others, for cancellation of an alleged deed of fraudulent conveyance of realty without issuance of execution upon a previous judgment setting aside said conveyance, a stay of execution having been granted under said previous judgment    From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.    Reversed.

*George S. Rix,* for Appellant.

*C. R. Jorgenson,* and *Carston Eggen,* for Respondent.

SMITH, J.  [1]  Action to have the transfer of a certain lot in the town of Summit adjudged fraudulent and void as against

plaintiff, a judgment creditor. At the close of the trial, the trial court granted a stay of execution, and plaintiff, for that reason being unable to obtain an execution, began this action to cancel the deed without issuance of an execution on his judgment. Judgment of cancellation of the deed, from which defendants appeal.

We shall not consider the question of fraud in the transfer, as we deem it unnecessary in view of other matters presented by the assignments of error.

Appellants assign insufficiency of the evidence to support the findings and the judgment of the court canceling the deed, for the reasons, among others: First. The evidence does not show that the defendant Flora J. Halvor is insolvent. Second. The evidence fails to show any effort whatever on the part of the plaintiff to collect the judgment against Flora J. Halvor.

Section 334, Code of Civil Procedure, provides:

"The writ of execution * * * shall require the officer substantially as follows: If it be against the property of the judgment debtor to satisfy the judgment with interest and accruing costs, out of the personal property of such debtor; and if sufficient personal property cannot be found, out of the real property belonging to him on the day when the judgment was docketed in the county, or at any time thereafter."

"Sec. 337. When an execution is delivered to any officer he must indorse thereon the day and hour when he received it, and must proceed to execute the same with diligence. * * * If no personal property be found an indorsement to that effect must be made on the writ before levy is made on real property."

Under these statutes, personal property is made the primary fund for the satisfaction of an execution, and we are of the view that, before a judgment creditor is entitled to the aid of equity to set aside a fraudulent conveyance of real estate, he must issue an execution on the judgment and exhaust the personal property of the judgment debtor before having recourse to real estate.

Easton Nat. Bank v. Buffalo Chemical Works, 48 Hun, 557, 1 N. Y. Supp. 250, holds that an action to vacate a judgment, which prevents plaintiff's judgments from becoming valuable liens upon real estate of the debtor, could not be maintained unless execution had been issued on the judgments and was outstanding

at the time the action was commenced or had been returned un-
satisfied.

In Geery v. Geery, 63 N. Y. 253, the court said:

"The statute law gives a remedy by execution, and that rem-
edy, upon every reason of public policy and convenience, should
be exhausted before a new suit should be allowed to be main-
tained. * * * If the judgment were a judgment in an action at
law no one could question that before an action of this kind could
be maintained, as to the real estate, an execution must have been
issued. * * *" Compton v. Patterson, 28 S. C. 152, 5 S. E. 470;
Ryttenberg v. Keels, 39 S. C. 203, 17 S. E. 441; Brown v. John
Farwell Co. (C. C.) 74 Fed. 764.

In Brock v. Rich, 76 Mich. 644, 43 N. W. 580, it was held
that, when the personal property of the debtor was sufficient to
satisfy the creditor's judgment, there was nothing which would
justify a resort to the debtor's real estate, even though fraudu-
lently conveyed.

In a number of states it is held that a creditor is not auth-
orized to interfere with any disposition which a debtor may make
of his property, so long as he is not injured thereby. The debtor
might convey his property with the intention of defrauding his
creditors; but, if he still retained property subject to execution
out of which the debt might be collected, the creditor could not
complain. Brumbaugh v. Richcreek, 127 Ind. 240, 26 N. E. 664,
22 Am. St. Rep. 649; Meaux v. Anthony, 11 Ark. 411, 52 Am.
Dec. 274; Stephens v. Parvin, 33 Colo. 60, 78 Pac. 688; Ban-
nington v. Purinton, 105 Iowa, 642, 75 N. W. 639; Drahos v.
Kopesky, 132 Iowa, 497, 109 N. W. 1021.

In many states where the statute does not make personal
property the primary fund for satisfaction of the execution, it is
held that, where the judgment is made a lien upon the debtor's
real property, an action may be maintained to cancel a fraudulent
conveyance without issuance or return of an execution. Level
Land Co. v. Sivyer, 112 Wis. 442, 88 N. W. 317; Dillman v.
Nadelhoffer, 162 Ill. 625, 45 N. E. 680; Cornell v. Radway, 22
Wis. 260.

The statute requires the issuance of an execution, and a levy
on personal property of the judgment debtor if sufficient personal
property can be found to satisfy the judgment, and, if no personal

property can be found, an indorsement must be made by the sheriff on the execution to that effect "before levy is made on real property." These provisions of the statute bring us within the rule of equity announced in that class of cases which hold that issuance of an execution and a return nulla bona are necessary to entitle a creditor to the aid of equity to set aside a deed of real property as fraudulent. Clark v. Anthony, 31 Ark. 546; First Nat.. Bank v. Randall, 20 R. I. 319, 38 Atl. 1055, 78 Am. St. Rep. 867; Euclid Ave. Nat.' Bank v. Judkins, 66 Ark. 486, 51 S. W. 632; Burdsall v. Waggoner, 4 Colo. 256; Wilckliffes v. Lyon, 5 J. J. Marsh. (Ky.) 84; Halbert v. Grant, 4 T. B. Mon. (Ky.) 580; Martz v. Pfeifer, 80 Ky. 600; Howe v. Whitney, 66 Me. 17; Brown v. Bank, etc., 31 Miss. 454.

In Verner v. Downs, 13 S. C. 449, it was held that execution and a return nulla bona were conditions precedent to the right to maintain an action to set aside a fraudulent conveyance. Mc-Mahan v. Dawkins, 22 S. C. 314; Compton v. Petterson, 28 S. C. 152, 5 S. E. 470; Morrow Show Mfg. Co. v. New England Shoe Co., 57 Fed. 685, 6 C. C. A. 508, 24 L. R. A. 417; Fox v. Moyer, 54 N. Y. 125; Adsit v. Butler, 87 N. Y. 585; Harvey v. Brisbin, 143 N. Y. 151, 38 N. E. 108; Miller v. Miller, 7 Hun (N. Y.) 208; Bigelow Blue Stone Co. v. Magee, 27 N. J. Eq. 392.

[2] The statute does not require the return of the execution and the issuance of an alias execution for levy upon real property, the statutory indorsement being equivalent thereto. But personal property being made by the statute the primary fund for satisfaction of an execution, even if such transfer were set aside as fraudulent, no levy upon or sale of such real property could be had if there were personal property out of which the execution could be satisfied.

Furthermore, until an execution has been issued and the return of no personal property found has been indorsed thereon as required by the statute, it would not be apparent that the creditor had exhausted his remedy through legal process, as the debtor's personal property might be ample to satisfy the execution. In such case, it is not the transfer which obstructs his right to take the real property affected, but the statute which forbids a levy upon a creditor's land in satisfaction of an execution until the creditor's personal property has been exhausted. Until his right

to levy upon and sell such real estate has been established in the mode prescribed by the statute, the cancellation of the transfer would be an idle act in which courts of equity are not prone to indulge.

The stay of execution by the trial court cannot change the requirement of the statute in this respect. It follows that the judgment canceling the transfer of the lot was erroneous, and is therefore reversed.