### WALDO M. JOHNSON v. MYRA CRISPELL.

*Sheriff's deed—Defective recital.*

A sheriff's deed on an execution running against two persons is not made fatally defective by the use of the singular number in a recital that under the statutes is not essential to the deed; as by stating that "because sufficient goods and chattels of the said last named *person* in the said writ could not be found," the real estate was seized.

Error to Gratiot.   Submitted June 7.   Decided June 18.

EJECTMENT.   Plaintiff brings error.

*Spaulding & Cranson* for plaintiff in error.   A sheriff's deed is not made void by the omission of a recital, or by an incorrect recital, if none is required.   Rorer on Judicial Sales, § 303.

GRAVES, J.   The plaintiff brought ejectment and claimed title as grantee in a deed from the sheriff pursuant to sale on execution issued in favor of plaintiff

and one Richard O. Wheeler and against John A. Crispell and Edward L. Drake. In reciting the proceedings previous to the sale the deed stated "and whereas, because sufficient goods and chattels of the said last named 'person' in the said writ could not be found," etc., the real estate was seized, etc.

Strict accuracy required, if the facts were so, that the recital should use the word "persons" and not "person" merely, so as to include both of the execution defendants. The circuit judge was of opinion that the appearance of the singular instead of the plural number in this passage in the instrument was fatal, and accordingly ruled that the deed was invalid.

It was incumbent on the sheriff to proceed against any goods and chattels to be found within the county and belonging to either defendant and subject to execution, before resorting to the real estate. The statute enjoins this as a duty (Comp. L., § 6107), and the common law will presume performance. 1 Cowen and Hill's notes, 293 et seq. The statute moreover regards the deed of the sheriff as *prima facie* evidence of the regularity of all the proceedings required by law to precede it. § 4255. A recital, then, that the sheriff who made the levy personally discharged his duty in respect to first seeking to make the money of goods and chattels is not an essential ingredient in the deed and is not required; and if the grant is otherwise correct it cannot be set aside for an inaccuracy like the present in a recital on that subject. *Jackson v. Pratt*, 10 Johns., 381; *Jackson v. Streeter*, 5 Cow., 529; *Peck v. Mallams*, 10 N. Y., 509, 535.

The supposition that recital of performance of the duty is virtually called for is not well based. The regulations of law apply to all occasions, and among them to many where the officer could have no knowledge. The deed is not necessarily to be made by the sheriff who effects the levy and is cognizant of the degree of fidelity attending the execution of the

writ.   It is authorized to be made in case of a change of officers, by the successor of the officer who levies (§ 4660), and the law does not assume that a different officer must know as a fact and hence be able to assert as one in a deed that his predecessor exercised due personal means to make the money of goods and chattels before making seizure of the land, and as it does not impute any such knowledge it does not require him to recite the fact in the deed as one known to him, and he is certainly not required to insert as true what he knows only as something the law presumes. A statement thus made would rest on the presumption and would add nothing to the cogency of the proceeding.   As there is no provision that the deed of the sheriff who levies shall be different in this feature from one made by a succeeding officer, it follows that this kind of recital is not essential in any deed.

If then the law does not require it, and if it may be dispensed with, without derogating from the conveyance, the inference seems just that the common law presumption that the sheriff pursued the direction of the statute in seeking to make the money of goods and chattels before levying on the land, and the broad presumption the statute draws from the deed, must be sufficient to overcome all objection made to the deed in consequence of the statement in question in the recital.   That statement should be considered as a clerical misprision, and the deed should be read as though the word "persons" had been written instead of "person."

The result is that the court erred and that the judgment should be reversed with costs and a new trial granted.

The other Justices concurred.