*In re* DISSOLUTION OF FIELD BODY CORPORATION.

APPEAL OF ATHOL MAN'FG CO.

1. CORPORATIONS—JUDGMENT—RECEIVERS—LIEN CLAIMANT FAILING TO APPEAL.

A creditor and lien claimant of an insolvent corporation, which did not appeal from an order of the court that the property of the corporation be sold as a unit free from all liens of which it had notice, was precluded from thereafter asking leave to sell a portion of the property to satisfy its claimed lien.

[1]Corporations, 14a C. J. § 3257 (Anno); Receivers, 34 Cyc. p. 920.

2. SAME — ORDER THAT PROPERTY BE SOLD AS UNIT FREE FROM LIENS.

In receivership proceedings, the court has power to order that the property of an insolvent corporation be sold as a unit free from all liens, and that any existing liens be transferred to the fund.

3. EXECUTION—LEVY ON LAND NOT AUTHORIZED IF PERSONAL PROPERTY SUFFICIENT.

Under 3 Comp. Laws 1915, § 12827, levy and sale of land to satisfy a judgment and costs is not authorized unless the personal property of the debtor within the county is insufficient to satisfy same.

4. SAME—BILL IN AID OF EXECUTION DISMISSED WHICH SHOWS THAT DEBTOR HAS PERSONAL PROPERTY LIABLE TO EXECUTION.

While it is not necessary to allege in a bill filed in aid of execution that the defendant is insolvent, when such bill affirmatively shows that the debtor has personal property liable to execution, it will be dismissed.

5. SAME—PRESUMPTION THAT OFFICERS DO DUTY IN LEVYING ON LAND OVERCOME BY AFFIRMATIVE PROOF TO CONTRARY.

There is a presumption that public officers do their duty and, in the absence of proof to the contrary, such presumption will sustain a levy on land, but where it affirmatively appears that there was an abundance of personal property liable to execution within the county out of which the judgment and costs could be made, a levy on land may not be sustained.

6. CORPORATIONS—DISSOLUTION—CLAIMANT HAS BURDEN OF SHOWING PRIORITY OF CLAIM—COLLATERAL ATTACK.

In receivership proceedings wherein an order of distribution of assets by the receiver is sought, a claimant who asserts a lien prior to that of others has the burden of establishing his claim and its priority, and it was not a collateral attack for the receiver and other claimants to question both its validity and its priority.

7. COSTS.

Where both parties appeal, and the result reached in the Supreme Court is practically that reached in the court

²Corporations, 14a C. J. § 3257; Receivers, 34 Cyc. pp. 319, 320; 35 A. L. R. 255; ³Executions, 23 C. J. § 241; ⁴Id., 23 C. J. § 1071 (Anno); ⁵Evidence, 23 C. J. §§ 69, 70, 71; Executions, 23 C. J. § 241; ⁶Corporations, 14a C. J. § 3305; Receivers, 34 Cyc. pp. 346 (Anno) 363; ⁷Costs, 15 C. J. § 626 (Anno).

below, although a slight modification of the decree is
required, no costs are allowed.

Cross-appeals from Shiawassee; Collins (Joseph
H.), J. Submitted June 17, 1927. (Docket No. 65.)
Decided July 29, 1927.

Petition by the Grand Rapids Trust Company, re-
ceiver of the Field Body Corporation, for the dissolu-
tion of said corporation and sale of its assets. The
Athol Manufacturing Company filed a petition for
permission to sell a portion of the real estate of the
corporation under a claimed prior levy. From the
decree rendered, both parties appeal. Modified and
affirmed.

*Travis, Merrick, Warner & Johnson,* and *Pulver &
Bush,* for appellant Grand Rapids Trust Co.

*Henry B. Graves* and *Charles H. Hatch,* for appel-
lant Athol Manufacturing Co.

FELLOWS, J. In this receivership proceeding pend-
ing in the circuit court for the county of Shiawassee,
in chancery, upon petition of the receiver of which
proper notice was served on all stockholders, creditors
and lien claimants, including the Athol Manufacturing
Company, an order was made in winding up the estate
that the property be sold as a unit, free from all liens,
and that any existing liens be transferred to the fund.
The Athol Manufacturing Company, hereafter called
the petitioner, did not appear on the hearing of the
receiver's petition. No appeal was taken from this
order, and the property was sold pursuant to it, and
the sale was confirmed and the receiver's deed made.
Thereafter petitioner filed its petition asking that it
be permitted to sell a portion of the real estate upon
which it claims to have made a levy under a judgment
recovered by it against the Field Body Corporation,

or that it be paid from the funds in the hands of the receiver the amount of its judgment.    This petition was heard with one filed by the receiver for direction as to the distribution of the assets in its hands, and was denied.    The claims were ordered paid in the following order:    (1) Federal taxes;  (2) State, county and city taxes, and for money borrowed to pay the same;  (3) expenses of receivership;  (4) amount of mechanic's lien antedating petitioner's judgment;  (5) Petitioner's claim.    As the claims prior to petitioner's exhausted the funds, it appeals from both orders.    The receiver appeals from the order recognizing petitioner's claim as a lien, evidently for the purpose of insisting on the legal question in this court.

1. After notice to petitioner, and an opportunity given to it to be heard, the court ordered that the property be sold as a unit free from all liens.    This was a final order on the subject in a proceeding to which it was a party, both by reason of the fact that it received notice of the application for the appointment of a receiver and that it appeared in the case and filed its claim and afterwards amended the same, and, not having been appealed from, is binding on petitioner, and now precludes it from asking leave to sell a portion of the property to satisfy its claimed lien if the court had the power to make the order. Of course, if the court was without jurisdiction to make such an order, the question might be here raised. But we think the order was clearly within the power of the court to make.    Indeed, it is substantially the same order that this court made in *Campau* v. *Detroit Driving Club,* 130 Mich. 417.    That was a receivership proceeding where property had been sold to satisfy certain judgments.    This court set aside such sales and ordered that:

"The real and personal property of the Detroit Driving Club must be decreed to be sold by the circuit

court commissioner of Wayne county, free and clear of all incumbrances, and the proceeds of the sale paid into the Wayne circuit court, in chancery, for distribution among the secured and unsecured creditors of the club, according to their respective priorities."

See, also, *State, ex rel. Dooley & Co.,* v. *Superior Court,* 35 A. L. R. 252 (128 Wash. 253, 222 Pac. 492), and note; *In re Franklin Brewing Co.,* 249 Fed. 333.

2. Prior to the institution of the receivership proceedings, the petitioner had obtained a judgment in the Shiawassee circuit court against the Field Body Corporation for $2,841.28 and costs, has caused execution to be issued and a levy made on a portion of the real estate owned by the corporation. The testimony shows, and it is undisputed, that the corporation then had personal property within the county and liable to execution of the value of $75,000, and it is likewise undisputed that the sheriff made no attempt to levy upon or to collect the amount due out of the personal property. It is the claim of the receiver that it was the duty of the officer to make the execution out of the personal property; that he could not resort to the real estate where there was an abundance of personal property in the county liable to execution; and for this reason the levy was improperly made on the land. Corpus Juris thus states the general rule in this country (23 C. J. p. 445):

"In this country, however, by statute or otherwise, the generally prevailing rule is that the debtor has the right to have his personal goods exhausted before any of his real estate can be taken, although in some jurisdictions such an exhaustion of the personal property is not required before levying on the real estate, and under some statutes personal property cannot be taken under execution until after the judgment debtor has been given an opportunity to turn over real estate."

Our statute, however, provides (3 Comp. Laws 1915, § 12827):

"Executions to authorize the sale of real estate shall command the officer to whom they are directed that of the goods and chattels of the person against whom such execution shall issue, in the county of such officer, he shall cause to be made the debt, damages or other sum of money, and costs, for which the judgment was rendered; and if sufficient goods and chattels cannot be found, that then he cause the amount of such judgment to be made of the real estate of the person against whom such judgment was rendered within such county."

The execution on petitioner's judgment followed this command of the statute. There is a presumption that public officers do their duty, and in the absence of proof to the contrary such presumption will sustain a levy on land. *Johnson* v. *Crispell*, 39 Mich. 82. But in this case it was said by the court:

"It was incumbent on the sheriff to proceed against any goods and chattels to be found within the county and belonging to either defendant and subject to execution, before resorting to the real estate. The statute enjoins this as a duty (2 Comp. Laws [1871], § 6107), and the common law will presume performance."

While it is not necessary to allege in a bill filed in aid of execution that the defendant is insolvent, when such a bill affirmatively shows that the debtor has personal property liable to execution, it will be dismissed. *Brock* v. *Rich*, 76 Mich. 644, where it was held (quoting from the syllabus):

"Where the personal property of a judgment debtor, liable to execution, is amply sufficient to satisfy the judgment and all costs, and the creditor's remedy by a resort thereto is neither uncertain nor insufficient nor doubtful, there is nothing to justify a resort to the debtor's real estate, even though fraudulently conveyed."

Under the provision of our statute, the holding of this court in the *Brock Case*, and the command to the

240—Mich.—3.

sheriff in the execution, we are constrained to hold that a levy on land was not authorized where it affirmatively appears that there was an abundance of personal property liable to execution within the county out of which the judgment and costs could be made.

Numerous cases hold that this question may not be raised by a collateral attack. But this is not a collateral attack. By an order of the court in force and unappealed from the petitioner's lien had been removed from the land, and the land together with other lands and personal property had been sold, the sale confirmed, the deed made, and the money paid. There was then in the hands of the receiver, an arm of the court, a fund to be disbursed by order of the court to various creditors and claimants in the order of their priority. Petitioner, insisting that it had a lien prior to that of others, asked that it be so allowed. The burden in such a proceeding rested on each claimant to establish his claim and its priority, and it was competent for the receiver and other claimants to question both its validity and its priority. This is not a collateral attack.

While the result reached requires a slight modification of the decree, for all practical purposes the result is the same as that reached by the chancellor. As both parties have appealed, no costs will be allowed, and the decree, as modified in accordance herewith, will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.