SOLOMON v. NEUBRECHT.

1. EXECUTION—EQUITY OF REDEMPTION—PERSONAL PROPERTY— PRIORITY—JUDGMENT DEBTOR'S GRANTEE.

Grantee of mortgagor who was judgment debtor and whose equity of redemption was sold at execution sale to defendant may not complain that execution sale of such real estate was bad because judgment debtor had personal property open to levy and statute required that personal property be sold first as the statutory priority is personal to the judgment debtor (3 Comp. Laws 1929, § 14547).

2. Same—Judgment Debtor's Grantee—Setting Aside Sale—
Personal Property—Evidence.

Sale of equity of redemption under execution will not be set
aside at suit of grantee of judgment debtor who waited until
after period of redemption from execution sale had expired
and made an unsatisfactory showing that judgment debtor
had had personal property open to levy (3 Comp. Laws 1929,
§ 14547).

3. Same—Judgment Debtor's Grantee—Setting Aside Sale—
Equity.

In suit by judgment debtor's grantee to set aside execution
sale of equity of redemption of property subject to two mort-
gages, Supreme Court fails to find fraud, irregularities, or un-
fairness calling for equitable relief.

Appeal from Wayne; Toms (Robert M.), J.
Submitted October 14, 1941. (Docket No. 46, Calen-
dar No. 41,642.) Decided January 5, 1942. Rehear-
ing denied February 11, 1942.

Bill by Samuel B. Solomon against Rupert N.
Neubrecht and another to have execution sale of
real estate declared null and void. Decree for
plaintiff. Defendant appeals. Reversed.

*Harry N. Grossman,* for plaintiff.

*J. Henry Freid,* for defendant.

Wiest, J. For the expressed consideration of $1,
plaintiff purchased the equity of redemption in real
estate which had been seized under a judgment exe-
cution against his grantor and sold at public sale to
defendant. No redemption was made but, after
the period of redemption had expired, this bill was
filed to set aside the sheriff's deed to defendant, per-
mit payment of the judgment and costs, and decree
plaintiff owner of the premises. From a decree to
such effect defendant appeals.

The judgment on which the execution issued was for $500, and with the costs in all amounted to $552.90. The judgment creditor bid that amount and became the purchaser. The property was sold subject to a large mortgage.

Plaintiff invokes the power of the court of equity to set aside a sale under execution if the price at which the property is struck off to the judgment creditor shocks the conscience of the court. There is no evidence of any wrong-doing on defendant's part. The plaintiff had free exercise of every right he possessed. Plaintiff cannot be heard to urge that the levy on the real estate was bad by reason of the claimed fact that the judgment debtor had personal property open to levy. 3 Comp. Laws 1929, § 14547 (Stat. Ann. § 27.1512). Plaintiff is not the judgment debtor and he cannot invoke the statute which is personal to the judgment debtor. Besides, the showing of personal property is unsatisfactory.

Counsel for plaintiff, in his brief, states:

"The plaintiff and appellee agrees that mere inadequacy of price alone as a rule is not sufficient to set aside a sale. But, when such gross inadequacy is accompanied with any other circumstances showing fraud, irregularities or unfairness the sale may be set aside. *Greenberg* v. *Kaplan*, 277 Mich. 1."

We do not find fraud, irregularities or unfairness calling for relief.

The property involved was at one time a manufacturing plant and, at the time of the execution sale, was subject to a mortgage to the Reconstruction Finance Corporation in the original amount of $50,000, and also a second mortgage, the amount of which we cannot determine from the record.

Plaintiff made no case for equitable relief.

The decree in the circuit court is reversed and one will be entered in this court dismissing the bill, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUT-ZEL, and SHARPE, JJ., concurred. BUSHNELL, J., did not sit.