DURO STEEL PRODUCTS, INC., v. NEUBRECHT.

1. EXECUTION—STATUTES—LEVY ON REAL ESTATE—DISCRETION OF
OFFICER AS TO SUFFICIENCY OF PERSONALTY.

Under statute requiring that officer directed to levy on real
estate shall first resort to judgment debtor's personalty, such
officer is vested with a certain amount of discretion in deter-
mining whether or not goods and chattels found are insufficient
to satisfy the judgment so as to justify levy on real estate
(3 Comp. Laws 1929, § 14547).

2. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.

The Supreme Court considers chancery cases *de novo* on appeal.

3. JUDGMENT—RES JUDICATA—REAL PARTY IN INTEREST.

Since equity looks at the substance, where the real party in
interest as plaintiff in present suit to set aside sheriff's deed,
given after sale of realty under execution, is the same as plain-
tiff in former suit for same relief as to same property, all
issues presented by instant bill are *res judicata.*

Appeal from Wayne; Webster (Clyde I.), J.
Submitted June 2, 1942. (Docket No. 8, Calendar
No. 41,994.) Decided October 6, 1942. Rehearing
denied November 25, 1942.

Bill by Duro Steel Products, Inc., a Michigan
corporation, and Samuel B. Solomon, as trustee,
against Rupert H. Neubrecht to set aside levy and
sale of real estate on execution. Bill dismissed.
Plaintiffs appeal. Affirmed.

*Wm. Henry Gallagher (S. Reymont Paul,* of coun-
sel), for plaintiff.

*J. Henry Freid,* for defendant.

STARR, J. Plaintiffs appeal from an order, entered
March 12, 1942, dismissing their bill of complaint
which was filed to set aside a levy and sheriff's sale
of certain real estate to defendant.

Sufficiency of identity of parties to render rules of res judicata
applicable, see Restatement, Judgments, § 79, comment r.

On January 27, 1939, defendant obtained a judgment for $500 against plaintiff, Duro Steel Products, Inc. (formerly Steel Products, Inc.), in the common pleas court for the city of Detroit. Such judgment was for a balance due defendant for architectural service. On March 4, 1939, defendant filed a transcript of such judgment in the circuit court for Wayne county. On March 6, 1939, execution was issued and levied upon three lots owned by plaintiff corporation and which lots were subject to two mortgages. At sheriff's sale in May, 1939, the lots were sold to defendant for $552.90, that being the full amount of defendant's judgment, and all costs. Plaintiffs did not redeem from such sale and defendant obtained a sheriff's deed to the lots.

In January, 1940, plaintiff, Duro Steel Products, Inc., conveyed such lots by quitclaim deed to plaintiff, Samuel B. Solomon, individually. Plaintiff Solomon was a stockholder and officer of plaintiff corporation. In September, 1940, Solomon, individually, filed a bill of complaint in the circuit court for Wayne county to set aside the levy and sheriff's sale to defendant. In his sworn bill of complaint in that suit plaintiff Solomon alleged, in substance, that he was the owner of the lots involved; that the lots were sold to defendant at sheriff's sale at grossly inadequate prices and that there were irregularities in the sale. He also alleged that the levy and sale were void because, at the time of the levy, the judgment debtor, Duro Steel Products, Inc., had sufficient personal property out of which the execution could have been satisfied and that the sheriff failed to levy on such personal property.

The case was tried and decree entered setting aside the sheriff's deed to defendant, permitting plaintiff Solomon to pay the judgment and costs and determining that Solomon was the owner of the

premises. Defendant appealed from such decree.
In our decision in that case (*Solomon* v. *Neubrecht,*
300 Mich. 177, decided January 5, 1942), Mr. Justice
Wiest, in reversing the decree, said, in part:

"The judgment on which the execution issued
was for $500, and with the costs in all amounted to
$552.90. The judgment creditor (defendant) bid
that amount and became the purchaser. * * *
"Plaintiff invokes the power of the court of equity
to set aside a sale under execution if the price at
which the property is struck off to the judgment
creditor shocks the conscience of the court. *There
is no evidence of any wrong-doing on defendant's
part. The plaintiff had free exercise of every right
he possessed.* Plaintiff cannot be heard to urge that
the levy on the real estate was bad by reason of the
claimed fact that the judgment debtor had personal
property open to levy. 3 Comp. Laws 1929, §14547
(Stat. Ann. § 27.1512). Plaintiff is not the judgment
debtor and he cannot invoke the statute which is
personal to the judgment debtor. *Besides, the
showing of personal property is unsatisfactory.*
* * *

"*We do not find fraud, irregularities or unfair-
ness calling for relief.* * * *
"Plaintiff made no case for equitable relief."

On February 17, 1942, plaintiffs filed their bill
of complaint in the present case, seeking to set aside
the same levy and sheriff's sale to defendant which
were involved in the case of *Solomon* v. *Neubrecht,*
*supra.*

In their bill of complaint plaintiffs allege, in sub-
stance, the same facts that Solomon alleged in the
former case regarding the entry of judgment for
defendant, the sheriff's sale of the premises for
grossly inadequate prices, irregularities in the levy
and sale and failure to first levy on personal prop-

erty. Plaintiffs further allege that the quitclaim deed of January 26, 1940, from plaintiff Duro Steel Products, Inc., to plaintiff Solomon:

"did not describe plaintiff, Samuel B. Solomon as a trustee for the benefit of creditors and stockholders, but it was the intent and agreement of the parties that said Samuel B. Solomon should take said property as such trustee and plaintiff, and Samuel B. Solomon, does hereby acknowledge that he, in fact, did receive said conveyance as trustee for the benefit of creditors and stockholders, and plaintiff, Samuel B. Solomon, does hereby offer to execute any instrument that this court may direct, if deemed necessary or expedient, to further evidence the aforesaid facts."

Defendant's motion to dismiss the bill of complaint was granted and an order entered March 12, 1942, dismissing the bill. Plaintiffs appeal from such order.

The question is: Does plaintiffs' bill of complaint in the present case, when considered in connection with our decision in *Solomon* v. *Neubrecht, supra,* state a cause of action?

In the former case of *Solomon* v. *Neubrecht, supra,* we held that plaintiff Solomon could not invoke the statute (3 Comp. Laws 1929, §14547 [Stat. Ann. § 27.1512]), "which is personal to the judgment debtor" (Duro Steel Products, Inc.). Such statute provides:

"Executions to authorize the sale of real estate shall command the officer to whom they are directed that of the goods and chattels of the person against whom such execution shall issue, in the county of such officer, he shall cause to be made the debt, damages or other sum of money, and costs, for which the judgment was rendered; and if sufficient goods and chattels cannot be found, that then he cause the

amount of such judgment to be made of the real estate of the person against whom such judgment was rendered within such county.''

The above statute does not define what investigation the officer shall make to ascertain ''if sufficient goods and chattels'' can be found to satisfy the judgment. The officer is clearly vested with some discretion in determining whether or not the goods and chattels found are insufficient to satisfy the judgment so as to justify a levy on the real estate of the debtor. In our decision in *Solomon* v. *Neubrecht, supra,* we held ''the showing of personal property is unsatisfactory.''

The record in the former case was made, by reference in defendant's motion to dismiss, a part of the record in the present case. In the former case plaintiff Solomon testified, in part:

''I was associated with a company called Steel Products, Incorporated, a Michigan corporation, as president and treasurer, and as a stockholder. I think the company was incorporated for $200,000. My brother and I held all the stock, and then I held my brother's stock as collateral. * * * This company is no longer in business. Before dissolution, the company changed its name to the Duro Steel Products, Incorporated, because the present company that is occupying the building at the present time wanted to use the name of Steel Products Corporation. * * * The Steel Products, Inc., continued in business under the name of Duro Steel (plaintiff), until it could liquidate the assets. The assets were finally liquidated, and the company dissolved March, 1940. * * * I took a deed from the company covering its real estate and all other assets it held. * * *

''I am the present owner of that building. * * *

"This $50,000 mortgage (to the Reconstruction Finance Corporation on the real estate in question) was also a chattel mortgage on all personal equipment we had at that time.

"This $25,000 second mortgage, was the same as RFC had, only subject to the RFC mortgage."

In the former case an employee of the Wayne county sheriff's office testified, in substance, that no personal property of the Duro Steel Products, Inc., could be found to levy upon. There was also testimony that when the execution on defendant's judgment was issued and levied on the real estate in question on March 6, 1939, there were other unsatisfied executions against the debtor's property.

In his sworn bill of complaint in the former case, plaintiff Solomon alleged that he personally was the owner of the property in question. The bill of complaint in the present case is signed and sworn to by Solomon, as president of plaintiff Duro Steel Products, Inc. In such present bill Solomon now claims to own the property in question as a trustee. Solomon's conflicting statements under oath do not improve his position in a court of equity. It is apparent that Duro Steel Products, Inc., is made a party plaintiff in the instant case and that Solomon now describes himself as a trustee for the sole purpose of attempting to raise again the issue as to whether the sheriff, under the material facts disclosed in the former case, was required to levy on personal property before levying on the real estate of plaintiff corporation.

This being a chancery case, we consider the same *de novo*. Plaintiff Duro Steel Products, Inc., had transferred all its property and assets to plaintiff Solomon in January, 1940, and was dissolved in March, 1940. Plaintiffs did not begin the present suit until nearly two years later. When we look

through the empty shell of the corporate entity of plaintiff Duro Steel Products, Inc., we find only plaintiff Solomon. Equity looks at the substance, and we are satisfied that plaintiff Solomon is the only real party in interest in the present case.

Therefore, all issues presented by the allegations of plaintiffs' bill of complaint in the present case were concluded by and are *res judicata* under our decision in *Solomon* v. *Neubrecht, supra.*

The order of the trial court dismissing plaintiffs' bill of complaint is affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, BUTZEL, and SHARPE, JJ., concurred with STARR, J.

NORTH, J. (*concurring*). MR. Justice STARR has reached the correct conclusion, but I prefer to assign a different reason for decision, as did the circuit judge. Plaintiffs seek cancellation of the sheriff's deed under which defendant holds title to the property in suit on the ground that the sheriff should have levied on personal property which the judgment debtor is alleged to have possessed, instead of having levied on the real estate which was sold to defendant on the execution sale. But even under such circumstances the levy on the real estate (instead of on the personalty) was a mere irregularity and any relief sought in consequence of such irregularity was obtainable, if at all, only in the court and proceeding out of which the execution issued. *Rhode* v. *Hassler,* 113 Mich. 56. Such relief is not obtainable by an independent suit in chancery instituted after sale and expiration of the period of redemption, as is attempted in the instant case. Nor under such conditions can the judgment debtor or those who have subsequently taken an alleged title from him avoid

the sale by a separate suit in chancery on the ground that the amount bid at the sale was much less than the actual value of the property sold.

. "The sale being at public auction, open and fair, and no fraud being shown or pretended, we do not think it can be set aside or treated as invalid in this proceeding (a subsequent bill in chancery), on the ground of an excessive levy, or because it sold for much less than its value, especially as the sale was subject to a year's redemption.

"As an excessive levy merely, it is clear the remedy would have been by motion to the court from which the execution issued, and before sale, to set it aside. Every court controls its own process. No such motion having been made, and the whole year's redemption having expired and the deed been given before any relief is sought, the objection is one purely of inadequacy of price for which the sale was made. The remedy for this also, if any, was by motion * * * which should have been promptly made." *Campau* v. *Godfrey*, 18 Mich. 27, 43 (100 Am. Dec. 133).

In *Cameron* v. *Adams*, 31 Mich. 426, a bill was filed to redeem from a mortgage which had been foreclosed by advertisement; and there, as in the instant case, the sale was in compliance with statutory requisites. The court said:

"Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law. This principle has not been open to controversy, and is familiar and elementary.

"The inadequacy of price cannot vitiate such a sale, if otherwise fair and regular. The owner of the right of redemption can always redeem within the year, by refunding the amount paid, with in-

terest at the rate fixed by the statute. It is only his failure to do this which has been the cause of his loss.''

In harmony with the foregoing, see *Jensen* v. *Oceana Circuit Judge,* 194 Mich. 405; *Emery* v. *Tant,* 295 Mich. 669.  In the *Jensen Case* we said (p. 412):

"The usual and proper method of attacking a levy is by motion to quash it in the court under whose writ it is made, where such course will furnish adequate relief (2 Freeman on Executions [3d Ed.], § 271a), and along the same line it was held in *Campau* v. *Godfrey,* 18 Mich. 27 (100 Am. Dec. 133), that one who complains of a levy upon his property should move for relief in the court which issued the execution rather than by a bill in equity.''

We are not in accord with appellants' contention that the inadequacy of the price bid by defendant at the execution sale was a fraud in law, and therefore plaintiffs' bill of complaint should be held to have stated a case and to have been wrongfully dismissed.   Inadequacy of the bid was urged as a ground for relief in cases above cited, but notwithstanding this the bill of complaint in each instance was dismissed.  See *Campau* v. *Godfrey* and *Cameron* v. *Adams, supra.*  Aside from the alleged inadequacy of price bid at the execution sale and the asserted irregularity of having levied upon real property instead of personal property, nothing in this record is claimed to constitute fraud or unfairness.

*Brock* v. *Rich,* 76 Mich. 644, and *In re Dissolution of Field Body Corporation,* 240 Mich. 28, cited by appellants, are not within the field of the instant case.

In the *Brock Case* plaintiffs, as judgment creditors, filed a bill in aid of execution.  Defendants demurred on the ground that plaintiffs (judgment

creditors) had levied upon real estate which the judgment debtor had conveyed to his wife notwithstanding at the time of the levy the judgment debtor had ample personal property within the county to satisfy plaintiffs' judgment. On appeal to this Court the demurrer was sustained. But the suit in which the issue was raised was filed only 11 days after the levy was made and before there had been an execution sale of the property. No deed had been given at a sheriff's sale, and, of course, there was no expiration of statutory period of redemption, as in the instant case. The defendants in the *Brock Case* could raise the question in equity because they had been brought into that court by the plaintiffs, the exact opposite in that respect of the instant case.

*In re Dissolution of Field Body Corporation, supra,* was a receivership proceedings. The receiver upon petition obtained an order in winding up the estate to sell the corporation's property "as a unit, free from all liens." Notice of hearing this petition was given to stockholders, creditors and lien claimants, including the Athol Manufacturing Company. Prior to the order of the court for such sale, the Athol Company had levied upon a portion of the real estate of the Field Body Corporation. The Athol Manufacturing Company, notwithstanding notice to it, did not appear at the hearing of the receiver's petition for the sale of the insolvent corporation's property "as a unit, free from all liens." No appeal was taken from that order, the property was sold, the sale confirmed, and a receiver's deed given. Thereafter the Athol Company by petition in the receivership proceedings asked that it be permitted to sell the real estate upon which it had levied or that its judgment be paid by the receiver from funds in its hands. Such payment would have given the petitioner a preference over other credi-

tors because of insufficient funds in the hands of, the receiver to pay all claims. It was held that by failing to appear in response to the notice of the receiver to sell all the property of the insolvent corporation "as a unit, free from all liens" the Athol Company was bound by the order made and its levy was nullified; and further that since the Field Body Corporation had ample personal property within the county subject to execution at the time of the levy upon its real estate in behalf of the Athol Company, the latter was not entitled to priority in payment of its claim out of funds in the hands of the receiver. But it must be noted that Mr. Justice Fellows, who wrote for the Court in the *Field Body Corporation Case,* was careful to state the following:

"Numerous cases hold that this question (levy upon real estate where there is available personal property) may not be raised by a collateral attack. But this is not a collateral attack."

In justification of the sentence last above quoted, Justice Fellows pointed out that the Athol Company had notice and was made a party to the proceedings in consequence of which the Field Body Corporation property was sold "free from all liens;" and further, that it was in the same proceedings that the Athol Company filed the petition by which it sought to obtain a preference in payment of its claim over those of other creditors. Clearly, as stated by Justice Fellows, under such circumstances the judgment creditor's levy was not assailed by a collateral attack. In the case now pending before us, the attack upon the levy and execution sale was not only belatedly made to the extent forbidden by the cited decisions of this Court, but it was definitely a collateral attack by a bill in

chancery upon such levy and sale, which, as stated by Justice Fellows, numerous cases hold may not be done. Again it may be noted, in the *Field Body Corporation Case* as in the *Brock Case,* the judgment creditor's levy was an attack before the sheriff's sale and hence before delivery of a sheriff's deed and expiration of a period of redemption. There is no conflict between the cases cited and relied upon in the earlier part of this opinion and our decision in either of the two cases just above reviewed.

The trial court's decretal order dismissing the bill of complaint is affirmed, with costs to appellee.

Bushnell, J., concurred with North, J. Wiest, J., did not sit.