JOHN H. BENSON v. WILLIE ROBERSON, JOE WHITE AND JAKE PENDLETON.

(Filed 31 January, 1946.)

**Receivers § 13—**

> Exceptions filed and made a part of the record are not void as a matter of law because not filed within the first three days of the term of court commencing next after the filing of the receiver's report, in the absence of motion or order, G. S., 55-153, and a judgment entered on the basis that such exceptions were not before the court for consideration will be remanded.

APPEAL by defendants and claimants from *Nettles, J.,* at October Term, 1945, of FORSYTH.   Error and remanded.

Exceptions to report of receiver as to allowance of claims.

The plaintiff's claim for $775.62 was allowed, and those of other claimants were placed in second class.  The receiver's report was approved and confirmed by the court.  Defendants and other claimants adversely affected excepted and appealed.

BENSON *v.* ROBERSON.

*Joe W. Johnson* for plaintiff.

*A. B. Cummings* for defendants, Willie Roberson and Joe White.

*E. M. Whitman* for claimants, Phoebe Harrell, James R. Harrell, Lizzie Jarrett, and Rosa Lee Waiters.

DEVIN, J.   This appeal arose out of the liquidation of the partnership heretofore existing between plaintiff and defendants under the name of Royal Club Beer Garden.   A receiver was appointed who heard evidence of the various claimants and made report of the claims which he allowed, including that of the plaintiff for $775.62.   Claims of appellants Harrell and others were allowed, but placed in the second class.   G. S., 59-70. The assets are insufficient to pay more than a small percentage of claims as allowed by the receiver.

The report of the receiver's findings was filed by him 19 October, 1945, at 4:10 p.m., and copies mailed to counsel for appellants on that day.   A term of Superior Court began in Forsyth County 22 October. Exceptions to the report were filed in the cause by claimants Harrell and others 26 October, and by defendants Roberson and White 27 October. Exceptions were noted to the findings and allowances of the receiver, and jury trials demanded.   G. S., 55-153.

Another one-week term of the Superior Court began 29 October, and on 30 October the court entered an order holding that no objections to the receiver's report had been filed within the first three days of the term which began 22 October, and thereupon confirmed the receiver's report.   Payment of claims as reported was directed to be made.   Both defendants and claimants appealed.

We think the order appealed from was improvidently entered.   Exceptions to the receiver's report had been filed and were a part of the record.   There was no motion to strike out the exceptions, nor did the court order them stricken out.   Even if not filed within the first three days of the term, they may not be held to be void as a matter of law in the absence of such motion or order, and there was error in disregarding them.   The power to extend time for filing exceptions to receiver's report is expressly given by the statute.   G. S., 55-153.   Since the judgment below seems to have been based on the view that the exceptions not having been filed within the first three days of the term were not before the court for consideration, we think the cause should be remanded to the Superior Court for such action as may be appropriate, and it is so ordered.

Error and remanded.