NATIONAL SURETY CORPORATION v. VAN B. SHARPE AND LOUISE R. SHARPE, TRADING AND DOING BUSINESS AS CARTHAGE WEAVING COMPANY.

(Filed 24 May, 1950.)

**1. Receivers § 8—**

Any judge of the Superior Court has jurisdiction to appoint a receiver for an insolvent. G.S. 1-501.

**2. Same—**

In receiverships of insolvents under G.S. 1-501, G.S. Chap. 55, Art. 13, will be applied as far as possible, G.S. 1-502.

**3. Receivers § 12d—**

All claims against an insolvent must be settled in the original action in which the receiver is appointed except in the infrequent instances where the appointing court, for cause shown, may grant leave to a plaintiff to bring an independent action against the receiver.

**4. Receivers § 12a—**

All claims against an insolvent must be presented to the receiver in writing. G.S. 55-152.

**5. Same—**

The court should fix a time, giving appropriate notice thereof to creditors, within which claims against an insolvent must be presented or be barred. G. S. 55-152.

**6. Receivers § 12d—**

An order for the distribution of the assets of an insolvent should not be made until after the validity of all claims has been determined and their order of priority fixed. G.S. 55-152.

**7. Same—**

The receiver must pass upon the validity and priority of all claims presented, and to this end has plenary power to examine claimants and witnesses and to require the production of relevant books and papers, G.S. 55-152, and must notify claimants of his determination of their claims and report his findings to the next ensuing term of Superior Court. G.S. 55-153.

**8. Same—**

Any claimant may except to the receiver's determination of his claim or to the granting of priority to the claim of any other creditor which will exhaust the funds available for the payment of his claim, at any time within ten days after notice of the finding of the receiver and not later than three days after the beginning of the term to which the report is made, with discretionary power in the court to extend the time. G.S. 55-153.

**9. Same—**

If claimant does not demand a jury trial in his exceptions to the report of the receiver, he waives his right thereto. G.S. 55-153.

**10. Same—**

The general rules of evidence apply to the trial of exceptions to the report of a receiver upon an appropriate issue to be submitted by the court.

**11. Same: Constitutional Law § 21—**

An order of the Superior Court adjudging that the claim of a particular creditor constituted a preferred claim and ordering the receiver to pay such claim, made without notice, either actual or constructive, to other claimants, is contrary to the established rules of practice and procedure in receivership proceedings, G.S. 55-153, and is in contravention of due process of law in failing to give other claimants notice and an opportunity to be heard, Constitution of N. C., Art. I, Sec. 17, and must be held for error on appeal.

Appeal by movent, York Mills, Inc., from *Phillips, J.,* in chambers at Rockingham, North Carolina, 4 February, 1950, in action in the Superior Court of Moore County.

Motion in the cause made by York Mills, Inc., to set aside so much of a previous order of the court as adjudged the priority of a claim filed with receiver by plaintiff.

The facts essential to a decision of the appeal are set forth below. Unless otherwise indicated, they are gleaned from the record proper and the findings of the trial court.

On 20 July, 1949, a receiver was appointed in this cause to administer the assets of an insolvent partnership composed of the defendants, Van B. Sharpe and Louise R. Sharpe, trading as the Carthage Weaving Company, who had numerous creditors, including the plaintiff, National Surety Corporation, a surety corporation, and the York Mills, Inc., a

manufacturing corporation. No order was ever made or published limiting the time for creditors to file claims with the receiver.

On 15 August, 1949, the plaintiff presented to the receiver a claim in writing, asserting that the defendants were indebted to it in the sum of $29,194.88 on contracts antedating the receivership, and that such debt constituted a preferred claim or lien on the assets in the custody of the receiver. This claim has never been passed upon by the receiver.

The York Mills, Inc., alleged on the hearing of its motion in the court below that the defendants owed it $8,166.56 for goods, which it sold and delivered to the defendants immediately before the appointment of the receiver; and that it "filed a claim for this with the receiver in October, 1949," but "the receiver failed to pass on this claim." The court below found as a fact at that time that the York Mills was a simple contract creditor of the insolvent partnership in the amount stated, but made no finding either affirming or disaffirming the averment respecting the presentation of the claim of the York Mills to the receiver, and his inaction thereon. But the case on appeal as settled by the court recites that "the movent filed claim for preference with the receiver in October, 1949, but the receiver failed to pass on the same."

On 14 January, 1950, his Honor, F. Donald Phillips, Resident Judge of the judicial district which embraces Moore County, acting upon application of the plaintiff and without notice, either actual or constructive, to the York Mills, entered an order at chambers in Rockingham, North Carolina, adjudging that the plaintiff had a valid claim against the receiver for $29,194.88; declaring that such claim constituted a preferred claim and lien on the property in the custody of the receiver; and ordering the receiver to pay such claim out of such property.

The assets in the hands of the receiver fall far short of the amount necessary to pay off both the claim of the plaintiff and that of York Mills.

The order of Judge Phillips was filed in the office of the Clerk of the Superior Court of Moore County on 16 January, 1950, and two days later the York Mills acquired knowledge of its entry. The York Mills forthwith filed a verified motion in the cause, alleging that it "had no notice whatsoever that there would be a hearing on preferred claims on January 14, 1950" and that it "had no notice that any hearing had been held or order entered until January 18, 1950," and praying that "the order of January 14, 1950, be set aside and revoked in so far as it allows" the claim of the plaintiffs as a preferred claim, or that "the claim of the movent be allowed as a preferred claim."

The motion of the York Mills was heard by Judge Phillips at chambers in Rockingham on 4 February, 1950. The movent asserted at that time on the basis of evidence alleged to have been adduced on the previous

hearing that the contracts between plaintiff and the defendants antedating the receivership were chattel mortgages or conditional sales contracts, which had never been recorded; and that by reason thereof there was no legal foundation for the contention of plaintiff that its claim constituted a preferred claim or lien on the assets held by the receiver. The trial judge made no findings as to this, but he did find that the York Mills was a simple contract creditor of the insolvent partnership in the sum of $8,166.56 and that the York Mills "had no notice of the said order of January 14, 1950, or the hearing on which it was based until January 18, 1950." Notwithstanding these findings, Judge Phillips entered an order refusing to vacate the order of 14 January, 1950. The York Mills thereupon excepted and appealed, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellee.*

*John M. Spratt and Carroll & Steele for the York Mills, Inc., appellant.*

ERVIN, J. This appeal necessitates an examination of the rules of practice and procedure in the presentation, proof, and payment of claims in receiverships. They may be summarized as follows:

1. Under the Code of Civil Procedure, "any judge of the Superior Court with authority to grant restraining orders and injunctions has jurisdiction" in proper cases to appoint a receiver to collect and preserve the assets of an insolvent debtor, to ascertain who are his creditors, and to administer his assets for the benefit of his creditors and all others concerned. G.S. 1-501; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 891. The statute now codified as G.S. 1-502 stipulates that "the article Receivers, in the chapter entitled Corporations," *i.e.,* Article 13 of Chapter 55 of the General Statutes, "is applicable, as near as may be," to receivers appointed under the Code of Civil Procedure.

2. The law contemplates the settlement of all claims against the insolvent debtor in the original action in which the receiver is appointed, except in the infrequent instances where the appointing court, for good cause shown, grants leave to a claimant to bring an independent action against the receiver. *Black v. Power Co.,* 158 N.C. 468, 74 S.E. 468.

3. For this reason, all persons, who have claims against the insolvent debtor and desire to participate in the distribution of his estate, must present their claims to the receiver in writing. G.S. 55-152.

4. The court in control of the receivership should fix the time in which any and all claims against the estate of the insolvent debtor are to be presented to the receiver, give appropriate notice to creditors of such limitation of time by publication or otherwise, and postpone any order

of distribution until an opportunity has been afforded for the determination of the status of all claims and their order of priority. G.S. 55-152; *Schneider v. Schneider,* 347 Mo. 102, 146 S.W. 2d 548; *Naslund v. Moon Motor Car Co.,* 345 Mo. 465, 134 S.W. 2d 102; 45 Am. Jur., Receivers, section 246. The pertinent statute expressly provides that the court may bar all creditors and claimants failing to present their respective claims to the receiver within the time limited from participating in the distribution of the assets of the estate in receivership. G.S. 55-152.

5. The receiver must pass upon the validity and priority of the claims presented to him, and allow or disallow them or any part thereof, and notify the claimants of his determination. To enable the receiver to decide whether the claims are just, the law confers upon him plenary power to examine claimants and witnesses touching the claims, and to require the production of relevant books and papers. G.S. 55-152.

6. The receiver is required to report his finding as to any claim to the next ensuing term of the Superior Court in which the receivership was granted. G.S. 55-153.

7. When this is done, "any interested person" may except to the reported finding of the receiver as to the claim, and contest such finding in the original receivership action without any leave from the court provided he files his exception in apt time. The statute specifies that the exception may be filed "within ten days after notice of the finding by the receiver, and not later than within the first three days of the term" to which the report is made. The judge has the discretionary power, however, to extend the time for filing such exceptions. G.S. 55-153; *Benson v. Roberson,* 226 N.C. 103, 36 S.E. 2d 729. The term "any person interested" undoubtedly includes a claimant who wishes to resist a finding by the receiver adjudging his claim to be invalid, or of less dignity than that alleged by him. Moreover, a creditor, who has a valid claim, is certainly a "person interested" for the purpose of opposing a report of the receiver allowing the validity or priority of other asserted claims, whose payment will exhaust or reduce the receivership assets otherwise available for the satisfaction of his claim. *Wigginton v. Auburn Wagon Co.,* 33 F. 2d 496; *Farmers' Loan & Trust Co. v. San Diego St. Car Co.,* 45 F. 518; *Franklin Nat. Bank v. Whitehead,* 149 Ind. 560, 49 N.E. 592, 63 Am. St. Rep. 302, 39 L.R.A. 725; *In re Field Body Corp.,* 240 Mich. 28, 215 N.W. 6.

8. If the person, who excepts to the report of the receiver to the Superior Court, demands a jury trial on his exception, it is the duty of the court to prepare a proper issue and submit it to a jury; but if the demand for a jury trial is not made in the exceptions to the report, the right to a jury trial is waived. G.S. 55-153.

9. The general rules as to evidence in civil actions and proceedings apply on the trial of exceptions to reported findings of a receiver in respect to the validity and priority of claims against the estate of an insolvent debtor. *Hassall v. Wilcox,* 130 U.S. 493, 9 S. Ct. 590, 32 L. Ed. 1001; *Central Savings Bank v. Newton,* 59 Colo. 150, 147 P. 690; *In re Field Body Corp.,* 240 Mich. 28, 215 N.W. 6; *Lincoln Trust Co. v. Missouri Water, Light & Traction Co.,* 151 Mo. A. 322, 131 S.W. 889; *Westinghouse Electric Mfg. Co. v. Barre & Montpelier T. & P. Co.,* 98 Vt. 130, 126 A. 594.

10. Property in receivership is distributed in payment of the claims of creditors only upon order of the court. Manifestly, such an order should not be made until there has been a proper determination of the status of claims, and the order of their priority, and the assets available for their satisfaction. 45 Am. Jur., Receivers, section 335; 53 C.J., Receivers, section 513. See, also: *Strauss v. Building & Loan Association,* 117 N.C. 308, 23 S.E. 450, 30 L.R.A. 693, 53 Am. St. Rep. 585.

11. Even in the absence of an express statutory requirement to that effect, the giving of appropriate notice to creditors is an essential prerequisite to the entry of an order for the payment of claims by a receiver, for one whose rights will be affected by a proceeding in court should be notified in order that he may appear and protect his interests. *Naslund v. Moon Motor Car Co.,* 345 Mo. 465, 134 S.W. 2d 102. It is provided by statute in this State "that no court shall issue any order of distribution or order of discharge of a receiver until said receiver has proved to the satisfaction of the court that written notice has been mailed to the last known address of every claimant who has properly filed claim with the receiver, to the effect that such orders will be applied for at a certain time and place therein set forth and by producing a receipt issued by the United States Post Office, showing that such notice has been mailed to each of such claimants' last known address at least twenty days prior to the time set for hearing and passing upon such application to the court for said orders of distribution and/or discharge." G.S. 55-153 as amended by Chapter 219 of the 1945 Session Laws of North Carolina.

Article I, Section 17, of the North Carolina Constitution was copied in substance from Magna Charta by the framers of the Constitution of 1776, and prescribes that "no person ought to be taken, imprisoned, or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty or property, but by the law of the land." The term "law of the land" is synonymous with "due process of law," a phrase appearing in the Federal Constitution and the organic law of many states. *S. v. Ballance,* 229 N.C. 764, 51 S.E. 2d 731, 7 A.L.R. 2d 407.

A text writer has laid open the meaning of due process of law in its procedural aspect with accuracy in these words: "In its procedural aspect the constitutional guaranty of due process of law assures to every person his day in court, and means that there can be no proceeding against life, liberty, or property without observance of those general rules established in our system of jurisprudence for the security of private rights. It guarantees a course of legal procedure which has been established in our jurisprudence for the protection and enforcement of private rights. Its essential elements are notice and opportunity to be heard or defend, before a competent tribunal, in an orderly proceeding adapted to the nature of the case, which is uniform and regular, and in accord with established rules which do not violate fundamental rights." 16 C.J.S., Constitutional Law, section 569.

The established rules of practice and procedure in the presentation, proof, and payment of claims in receivership are aptly designed to secure to each claimant his constitutional right to due process of law in its procedural aspect.

It affirmatively appears upon the face of the record that these established rules were not observed in the proceeding under review; that the order of 14 January, 1950, was entered contrary to the course and practice of the court, and without notice, either actual or constructive, to the York Mills; and that the order of 4 February, 1950, deprived the York Mills of its legal right to contest the claim of the plaintiff in the mode appointed by law. Moreover, the case on appeal reveals that there is a substantial question as to the asserted right of the plaintiff to a preferred claim or lien on the assets in receivership. See: *Manufacturing Co. v. Price,* 195 N.C. 602, 143 S.E. 208.

For these reasons, the orders of 14 January, 1950, and 4 February, 1950, are hereby annulled and vacated in so far as they find and decree that the plaintiff has a valid preferred claim constituting a lien on assets of the receivership, and in so far as they order the receiver to pay such alleged claim out of such assets. The cause is remanded to the Superior Court of Moore County with directions that the question of the validity and priority of the claim asserted by plaintiff be determined in accordance with the rules of practice and procedure regulating the presentation, proof, and payment of claims in receivership. We observe, in closing, that there is no valid basis for the contention of the York Mills that its claim is a preferred one.

Error.