JOHN T. COUNCIL, INC. v. BALFOUR PRODUCTS GROUP, INC.

No. 8514SC957

(Filed 1 April 1986)

Receivers § 12.6— order of discharge—failure to follow notice requirements

    The trial court erred in entering an order discharging the receiver appointed to liquidate defendant corporation where there was no showing that notice was mailed to each claimant at least twenty days prior to the hearing on the receiver's petition for an order of discharge as required by N.C.G.S. § 1-507.7.

APPEAL by defendant from *Johnson, Judge.* Orders entered 8 December 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 February 1986.

Defendant was placed in permanent receivership in July 1979. Claude V. Jones was appointed receiver pursuant to N.C. Gen. Stats. 55-125, -127. The receiver petitioned the court for an order of discharge on 21 September 1982, on 9 February 1983, and finally on 18 November 1983. Over defendant's written objection the court heard and allowed the 18 November 1983 petition on 28 November 1983. The court entered orders on 8 December 1983 discharging the receiver and allowing attorney fees to be paid from the receivership proceeds. From entry of these orders, defendant appeals.

*William Y. Manson for Claude V. Jones, Permanent Liquidating Receiver of Balfour Products Group, Inc., appellee.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for defendant appellant.*

WHICHARD, Judge.

The principal issue is whether the order discharging the receiver can stand notwithstanding the failure to comply with N.C. Gen. Stat. 1-507.7. We hold that it cannot.

N.C. Gen. Stat. 1-507.7 provides, in pertinent part, that

no court shall issue any order of distribution or order of discharge of a receiver until said receiver has proved to the satisfaction of the court that written notice has been mailed to the last known address of every claimant who has properly filed claim with the receiver, to the effect that such orders will be applied for at a certain time and place therein set forth and by producing a receipt issued by the United States post office, showing that such notice has been mailed to each of such claimant's last known address at least 20 days prior to the time set for hearing and passing upon such application to the court for said orders of distribution and/or discharge.

The record contains no evidence of compliance with this statutory notice requirement. While the receiver petitioned the court for an order of discharge as early as 21 September 1982, N.C. Gen. Stat.

1-507.7 required that he produce "a receipt issued by the United States post office, showing that [notice of the 28 November 1983 hearing had] been mailed to each . . . claimant's last known address at least 20 days prior to the time set for hearing . . . ." N.C. Gen. Stat. 1-507.7 expressly prohibits issuance of an order of discharge unless the receiver demonstrates compliance with this statutory notice requirement.

Generally, when a statute prescribes a specific mode of notice that method must be strictly followed where notice must be relied upon to divest the recipient of a right. *In Re Appeal of Harris*, 273 N.C. 20, 24, 159 S.E. 2d 539, 543 (1968); *Holsomback v. Holsomback*, 273 N.C. 728, 732, 161 S.E. 2d 99, 102 (1968). Our Supreme Court has vacated an order of distribution for noncompliance with the notice of hearing requirements in the statutory predecessor to N.C. Gen. Stat. 1-507.7. *Surety Corp. v. Sharpe*, 232 N.C. 98, 103-04, 59 S.E. 2d 593, 597 (1950). The Court reasoned:

> The established rules of practice and procedure in the presentation, proof, and payment of claims in receivership are aptly designed to secure to each claimant his constitutional right to due process of law in its procedural aspect.

> It affirmatively appears upon the face of the record that these established rules were not observed in the proceeding under review; that the order of 14 January, 1950, was entered contrary to the course and practice of the court, and without notice, either actual or constructive, to the [claimant]; and that the order of 4 February, 1950, deprived [claimant] of its legal right to contest the claim of the plaintiff in the mode appointed by law. Moreover, the case on appeal reveals that there is a substantial question as to the asserted right of the plaintiff to a preferred claim or lien on the assets in receivership. [Citation omitted.]

*Id.* at 104, 59 S.E. 2d at 597.

The receiver correctly contends that defendant had actual notice of the 28 November 1983 hearing and has not shown how it was prejudiced by noncompliance with the prescribed notice procedure. In light of *Harris*, *Holsomback*, and the express mandatory prohibition of N.C. Gen. Stat. 1-507.7, we nevertheless hold that compliance with N.C. Gen. Stat. 1-507.7 is prerequisite to en-

try of an order of discharge. Accordingly, because there is no showing that notice was mailed to each claimant at least twenty days prior to the 28 November 1983 hearing, we vacate the order discharging the receiver.

Defendant also contends the court erred in awarding attorney fees from receivership proceeds. Since we have vacated the order discharging the receiver, the appeal from the order awarding attorney fees from receivership proceeds remains interlocutory and thus premature. *See Council v. Balfour Products Group*, 74 N.C. App. 668, 673, 330 S.E. 2d 6, 9, *disc. rev. denied*, 314 N.C. 538, 335 S.E. 2d 316 (1985). The appeal from that order is thus dismissed.

Vacated in part, dismissed in part.

Judges WELLS and COZORT concur.